389 P.2d 734

Vivian MEIER, Plaintiff and Appellant,

v.

Merrill Soren CHRISTENSEN, Defendant and Respondent.

No. 9855.

Supreme Court of Utah.

Feb. 28, 1964.

 

ing from the west on First South Street, rammed into the left front door of the car Vivian was driving. She was caused severe injuries to the bone structure of her body.

The case was tried January 23 and 24, 1963. The jury returned a no-cause-of-action verdict, and Vivian, the plaintiff, appeals. She claims: (1) That the court committed prejudicial error in commenting on the evidence during an extensive examination by the court of the Chief of Police Jensen, who was called as a witness for the plaintiff. (2) That the court committed prejudicial error in failing to accurately instruct the jury as to plaintiff's contributory negligence and proximate cause of the accident.

Olsen & Chamberlain, Richfield, for appellant.

Hanson & Baldwin, Rex J. Hanson, Merlin Lybbert, Salt Lake City, for respondent.

WADE, Justice.

Plaintiff Vivian Meier, appellant here, brought this action to recover from the defendant Christensen, who is respondent, for injuries sustained by her in an intersection collision at Second East and First South Streets in Richfield, Utah. The accident occurred November 19, 1960, on a cold wintery morning at about 8 o'clock a. m. Vivian, the plaintiff, a girl of 18 years, was driving a four-door sedan toward the north on the east side of Second East Street, across the intersection with First South Street, when the front end of a truck, driven by the defendant Christensen, com-

(1) The court's comments on the evidence were invited by plaintiff's attorney with no objection thereto whatever. So we cannot reverse this case on that account.

Plaintiff introduced in evidence a map of the intersection which was drawn to scale by a surveyor under a stipulation. This was an open intersection with no center lines marked on the pavement and no traffic lights or stop or yield signs at any entrance. Under Section 41-6-72, Utah Code Annotated 1953 the vehicle first entering the intersection had the right of way, and if two vehicles entered at the same time, the one on the right had the right of way over the one on the left.

The Richfield Chief of Police gave his opinion that he had accurately determined from tire marks and the debris left on the pavement the point of impact. He further testified that he made three measurements from the point of impact as he determined it; one to a power pole near the northwest corner of the intersection; one from the southwest end and another from the southeast end of a culvert under the pavement near the south side of the intersection. The Chief of Police further testified that he took these measurements to a surveyor who, by the use of the officer's measurements and a map of the intersection drawn to scale, and certain arcs which the surveyor drew at the end of the lines representing the distances furnished him by the Chief of Police, determined that the accident occurred in the northeast quadrant or quarter of the intersection. We have been unable to find any evidence to the contrary in the entire record.

During this testimony the judge repeatedly interrupted and questioned the witness. By such questions and comments the judge definitely expressed doubts that the point of impact had been accurately determined by the Chief of Police and that the surveyor had accurately determined that the point of impact was in the northeast quadrant or quarter of the intersection. Plaintiff's attorney made no objection to the court's questions or comments, but argued with the court that this was the only way that these facts could accurately be determined, and repeatedly suggested that the court ask further questions. Although a careful study of the record and the map does not appear to justify the doubts expressed by the court, still plaintiff having failed to object to such expressions, but having invited them, she cannot now obtain a reversal of the jury verdict on that account. However, trial courts should be careful not to comment or express opinions on the evidence.[1]

■ (2) The court's instructions to the jury were not defective or inadequate. Plaintiff requested an instruction on contributory negligence and proximate cause, which the court refused to give, which we do not find objectionable, but the substance of this instruction was given in other instructions. So, plaintiff's claim is not well founded.

Affirmed. No costs awarded.

HENRIOD, C. J., and McDONOUGH, CALLISTER, and CROCKETT, JJ., concur.

---

1. See Rule 51, Utah Rules of Civil Procedure, U.C.A.1953, with annotations in pocket supplement.