**Dianna Lynn SMITH, Plaintiff and Appellant,**

v.

**Dale Peter SMITH, Defendant and Respondent.**

No. 20419.

Supreme Court of Utah.

Sept. 30, 1986.

ex-husband, Dale Peter Smith, custody of their three-year-old adopted child. We remand the case for the purpose of having the district court enter more specific and complete written findings of fact with respect to the best interests of the child.

## I.

Dianna and Dale Smith were married June 17, 1980. They adopted a daughter on February 6, 1982. Dianna was granted a divorce May 17, 1984. At that time, the parties stipulated that the husband would have temporary custody of the child for six months pending a final custody determination.

Three months later, Dianna brought a Rule 60(b) motion to set aside the custody decree. At that hearing, she asserted that during the marriage Dale had physically abused her on several occasions and that after she filed for divorce, he had assaulted her and threatened to take the child away forever. Dianna asserted that it was only because of these circumstances that she agreed to give Dale temporary custody. After hearing the above evidence, Judge Christoffersen ruled in favor of Dale on the Rule 60(b) motion and then recused himself from further proceedings in the case.

On January 2, 1985, a permanent custody hearing was held before Judge Call. Although Judge Call had in hand the court's file in the case, there was no transcript of the Rule 60(b) hearing in the file. The only reference to that hearing was in the order signed by Judge Christoffersen. Apparently none of the evidence adduced at the Rule 60(b) hearing was reintroduced at the custody hearing on January 2.

After hearing evidence in the custody proceeding on January 2, 1985, Judge Call ruled from the bench that permanent custody of the child was awarded to Dale Smith. Among other considerations, Judge Call referred to Dianna's remarriage very soon after the divorce and her original willingness to leave the child in her husband's temporary custody as reasons for his decision to award Dale permanent custody.

B.L. Dart, Salt Lake City, for plaintiff and appellant.

Gordon J. Low, Larry E. Jones, Logan, for defendant and respondent.

STEWART, Justice:

On this appeal, Dianna Lynn Smith challenges a trial court decision awarding her

On June 11, 1985, Judge Call signed and filed the following findings of fact and conclusions of law:[1]

FINDINGS OF FACT

1. That the parties were divorced from one another pursuant to a decree issued by this Court on the 17th day of May, 1984.

2. That Paragraph 2 thereof provided inter alia that physical care and control of the minor child should be placed with the Defendant subject to the right of visitation in the Plaintiff.

3. The hearing was requested by the Plaintiff subsequent to denial of a Motion for Relief from Judgment.

4. That the Defendant has had and exercised physical control and care of the child since May 17, 1984, until the present.

5. That the Plaintiff has had visitation with said child, albeit not without some conflict between the Plaintiff and Defendant relative to the reasonableness of times and durations of the same.

6. That the child of the parties appears to have been well cared for during the approximate eight month interval between the decree and the hearing.

7. That the Defendant appears to be a fit and proper person for the care, custody and control of the child on a permanent basis.

8. That the Defendant is presently employed by the Utah State University Printing Services.

9. That the Plaintiff is a student at the Utah State University and was remarried to Mr. Sergio Von Borries on the 26th day of June, 1984.

10. That the Division of Family Services has submitted a report which has been admitted as evidence by stipulation of both parties, and that the Court accepts the statements and findings therein.

11. That the Defendant, Dale Peter Smith, would be a proper person to place the care, custody and control of the minor child on a permanent basis.

. . . .

CONCLUSIONS OF LAW

1. That custody of the minor child of the parties, to wit: [the child], should be placed with the Defendant.

II.

■ Because the proper adjudication of custody matters "is highly dependent upon personal equations which the trial court is in an advantaged position to appraise," *Johnson v. Johnson,* 7 Utah 2d 263, 267, 323 P.2d 16, 19 (1958), this Court will not overturn a trial court's custody determination on appeal unless the evidence clearly shows that the custody determination was not in the best interests of the child or that the trial court misapplied applicable principles of law. *Cox v. Cox,* 532 P.2d 994, 996 (Utah 1975). *See also Shioji v. Shioji,* 712 P.2d 197 (Utah 1985) (review of custody modification); *Wiese v. Wiese,* 699 P.2d 700 (Utah 1985) (review of orders in divorce proceedings generally).

■ However, if our review of custody determinations is to be anything more than a superficial exercise of judicial power, the record on review must contain written findings of fact and conclusions of law by the trial judge which specifically set forth the reasons, based on those numerous factors which must be weighed in determining "the best interests of the child," and which support the custody decision. *Hutchison v. Hutchison,* 649 P.2d 38, 42 (Utah 1982). Those factors or standards have been reiterated on a number of occasions and need not be repeated here. *See, e.g., Hutchison v. Hutchison,* 649 P.2d at 41; *Shioji v. Shioji,* 671 P.2d 135, 138 (Utah 1983) (Durham, J., concurring and dissenting); *Hogge*

---

1. The findings of fact and conclusions of law originally were mistakenly signed by Judge Christoffersen. After the appellant had filed her brief, an identical set of findings and conclusions was submitted to Judge Call, the judge who heard the custody matter. Judge Call signed and filed the documents on the same date. After oral argument, this Court granted respondent's motion to supplement the record with the findings of fact and conclusions of law signed by Judge Call.

*v. Hogge*, 649 P.2d 51, 56 (Utah 1982); *Kallas v. Kallas*, 614 P.2d 641 (Utah 1980). No one set list of factors can govern custody determinations in all cases; indeed, some custody cases may be truly unique. Nevertheless, the factors relied on by the trial judge in awarding custody must be articulable and articulated in the judge's written findings and conclusions.

■ To ensure that the trial court's custody determination, discretionary as it is, *Hutchison v. Hutchison*, 649 P.2d at 41, is rationally based, it is essential that the court set forth in its findings of fact not only that it finds one parent to be the better person to care for the child, but also the basic facts which show *why* that ultimate conclusion is justified. There must be "a logical and legal basis for the ultimate conclusions." *Milne Truck Lines v. Public Service Commission*, 720 P.2d 1373, 1378 (Utah 1986). As we stated in *Rucker v. Dalton*, 598 P.2d 1336, 1338 (Utah 1979):

> The importance of complete, accurate and consistent findings of fact in a case tried by a judge is essential to the resolution of dispute under the proper rule of law. To that end the findings should be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached.

*See also Mountain States Legal Foundation v. Public Service Commission*, 636 P.2d 1047, 1058 (Utah 1981); *Elwell v. Board of Education*, 626 P.2d 460, 463–64 (Utah 1981) (Maughan, C.J., dissenting).

Proper findings of fact ensure that the ultimate custody award follows logically from, and is supported by, the evidence and the controlling legal principles. Adequate findings are also necessary for this Court to perform its assigned review function. *Milne Truck Lines v. Public Service Commission*, 720 P.2d at 1378; *Shioji v. Shioji*, 671 P.2d at 136; *Mountain States Legal Foundation v. Public Service Commission*, 636 P.2d at 1058. In short, a custody decision must be supported by written findings and conclusions. *See* Rule 52(a) Utah R.Civ.P.; *Hutchison*, 649 P.2d at 42.

■ In this case, the findings of fact do not pass muster since they simply do not demonstrate a rational factual basis for the ultimate decision by reference to pertinent factors that relate to the best interests of the child, including specific attributes of the parents.

Dale asserts that we should look beyond the written findings to the statements made by Judge Call when he ruled from the bench in this case. We do not deny that what he said may be pertinent, but it simply is not a sufficient substitute for adequate findings.

Accordingly, we vacate the order entered below and remand this case to the district court with instructions to enter additional written findings of fact in accordance with this opinion.

Reversed and remanded for further proceedings. Costs to appellant.

HALL, C.J., and HOWE, J., concur.

ZIMMERMAN, Justice: (concurring separately).

I join the majority opinion, except that portion that purports to describe the standard to be applied in reviewing custody decisions of trial courts.

I find nothing objectionable in the majority's statement that we give wide deference to trial court decisions in the custody area, at least when we are reviewing rulings, such as the instant one, that involve initial placements. And I strongly support that portion of the opinion that requires written findings of fact and conclusions of law explaining how the factors relevant to a determination of the best interests of the child bear upon the ultimate resolution reached by the trial court. However, I disagree with any implication in the majority opinion that decisions regarding the modification of earlier custody awards also are entitled to such broad deference. In my view, that is not the law, and it is not sound policy. *See Shioji v. Shioji*, 712 P.2d 197, 202 (Utah 1985) (Zimmerman, J.,

dissenting); *see also Moody v. Moody*, 715 P.2d 507, 510 (Utah 1985) (Zimmerman, J., concurring in result) (very high standard for reopening custodial orders); *Hirsch v. Hirsch*, 725 P.2d 1320, 1322 (1986) (Zimmerman, J., concurring separately) (custody changes governed by strict standards, different from those applicable to initial custody awards). To state the applicable standard carelessly is to invite confusion in an area in which courts have exceptional powers over the lives of children of divorced parents, an area where the eradication of such confusion should be an important goal. *Hirsch v. Hirsch*, 725 P.2d at 1322 (Zimmerman, J., concurring separately).

DURHAM, J., concurs in the concurring opinion of ZIMMERMAN, J.