**Paul George MARTINEZ, Plaintiff and Respondent,**

v.

**Carolyn K. MARTINEZ, Defendant and Appellant.**

No. 860264.

Supreme Court of Utah.

Nov. 3, 1986.

David S. Dolowitz, Salt Lake City, for defendant and appellant.

Steven Kuhnhausen, Salt Lake City, for plaintiff and respondent.

PER CURIAM:

Defendant Carolyn K. Martinez appeals that portion of the divorce decree awarding plaintiff custody of their four-year-old daughter. We follow our recent decision in *Smith v. Smith,* 726 P.2d 423 (Utah 1986), and remand the case to the district court for entry of additional written findings of fact that adequately support the child custody award.

At the divorce trial, both parties testified as to their desires and abilities to provide for their daughter. The testimony of other witnesses and experts' evaluations were also before the trial court. Following trial, the district judge issued a March 4, 1986 memorandum decision wherein he wrote that "custody of the minor child ... is awarded to the plaintiff with, reasonable visitation to the defendant." Plaintiff's counsel was instructed to prepare findings of fact, conclusions of law, and a decree consistent with the court's ruling. With regard to the custody issue, the findings of fact and conclusions of law, prepared by counsel and entered by the court, merely provided:

4. During the course of the marriage the parties had born as their issue one minor child.... The Court finds that Plaintiff is a fit and proper person to be awarded the care, custody and control of said minor child, subject to Defendant's reasonable rights of visitation.

No finding was made as to the relative parenting abilities of the parties or the best interests of the child. Defendant argues that this finding alone is insufficient to support the custody award or to permit meaningful review on appeal. We agree. Plaintiff rejoins that his evidence at trial adequately supports the custody determination. But, because there is nothing before us in the findings or the record to indicate what evidence or factors the trial court considered in its award or whether the award was made "in the best interests" of the child, we cannot meaningfully review the final decree. The fact that we may review the evidence and make our own findings in equity matters cannot serve as an excuse for the failure below to furnish adequate findings to ensure that the trial court's discretionary determination was rationally based.

As we stated in *Smith v. Smith, supra:*

[I]f our review of custody determinations is to be anything more than a superficial exercise of judicial power, the record on review must contain written findings of fact and conclusions of law by the trial judge which specifically set forth the rea-

sons, based on those numerous factors which must be weighed in determining "the best interests of the child," and which support the custody decision.... [T]he factors relied on by the trial judge in awarding custody must be articulable and articulated in the judge's written findings and conclusions.

726 P.2d at 425–426.

A mere finding that the parties are or are not "fit and proper persons to be awarded the care, custody and control" of the child cannot pass muster when the custody award is challenged and an abuse of the trial court's discretion is urged on appeal. This is particularly so in this case, where the mother's temporary custody was terminated and permanent custody was awarded to the father without any explanation or statement of the reasons therefor.

The findings and conclusions of the trial judge are not required to be unnecessarily lengthy or exhaustive. But, in custody determinations, as in other matters, the Court's findings and conclusions should evidence sufficient detail and logic to demonstrate a factual and rational basis for the ultimate decision. To fulfill this aim, they should refer to specific factors that are pertinent to the decision of what placement is in the best interests of the child, including the particular needs of the child and the ability of each parent to meet those needs. *Smith v. Smith, supra; see Hutchison v. Hutchison,* 649 P.2d 38, 41–42 (Utah 1982).

The award of custody is vacated, and the case is remanded for the appropriate additional findings of fact.