Eddie Clarence EBBERT, Plaintiff and Appellant,

v.

Barbara Ann EBBERT, Defendant and Respondent.

No. 860229–CA.

Court of Appeals of Utah.

Nov. 3, 1987.

Lowell V. Summerhays (argued), Tamara J. Hauge, Sandy, Kenn M. Hanson, Salt Lake City, for plaintiff and appellant.

James P. Cowley (argued), William H. Christensen, Watkiss & Campbell, Salt Lake City, for defendant and respondent.

Before BENCH and BILLINGS, JJ., and HANSON,* District Judge.

## OPINION

BENCH, Judge:

Plaintiff Eddie Ebbert appeals from several portions of his final decree of divorce. The decree is affirmed except for the portion dealing with visitation.

---

* Timothy R. Hanson, Judge, Third Judicial District Court, sitting by special appointment pursuant to Utah Code Ann. § 78–3–24(1)(j) (1987).

Plaintiff and defendant Barbara Ebbert were married June 19, 1976. They have two daughters, ages 7 and 5. On June 11, 1985, plaintiff filed for a divorce. In his complaint he asked that custody of the children be awarded to defendant and he be awarded extensive visitation rights. In her answer and counterclaim, defendant also requested custody of the children with reasonable visitation to plaintiff. In September 1985, plaintiff learned of defendant's plan to move with the children to Colorado.

On November 8, 1985, the parties presented to the court a proposed stipulated settlement under which defendant would be awarded custody of the children. The court accepted the stipulated settlement and heard evidence on grounds and jurisdiction. The parties were thereafter unable to agree upon the form and substance of the findings, conclusions, judgment, and decree. Consequently, the trial court set aside the stipulation and set the matter for trial on March 27, 1986.

At trial, plaintiff attempted to amend his pleadings to include custody as a contested issue. The court denied plaintiff's motion. In its final decree, the court granted both parties a divorce, awarded custody of the two children to defendant, ordered plaintiff to pay $325.00 per child per month in child support, awarded defendant $1.00 per year in alimony for two years, established a visitation schedule, and divided marital property and debts. The court filed its findings, conclusions, judgment, and decree on May 16, 1986. Plaintiff's motion for a new trial was thereafter denied.

## CUSTODY

On appeal, plaintiff primarily challenges the award of custody of the children to defendant. He argues the court's findings were insufficient to support the custody award.

The Utah Supreme Court, in *Smith v. Smith*, 726 P.2d 423 (Utah 1986), held:

[I]f our review of custody determinations is to be anything more than a superficial exercise of judicial power, the record on review must contain written findings of fact and conclusions of law by the trial judge which specifically set forth the reasons, based on those numerous factors which must be weighed in determining "the best interests of the child," and which support the custody decision.

*Id.* at 425 (quoting *Hutchison v. Hutchison*, 649 P.2d 38, 42 (Utah 1982)). With regard to custody in the instant case, the trial court merely found "The Defendant is a good mother and a fit and proper person to have the care, custody and control of said two children." In *Martinez v. Martinez*, 728 P.2d 994, 995 (Utah 1986), the Utah Supreme Court held:

A mere finding that the parties are or are not "fit and proper persons to be awarded the care, custody and control" of the child cannot pass muster when the custody award is challenged and an abuse of the trial court's discretion is urged on appeal.

The *Smith* and *Martinez* cases are distinguishable from the instant case. In *Smith* and *Martinez*, custody was hotly contested and, therefore, detailed findings were required for appropriate review on appeal. In the instant case, custody was not at issue. Both by pleading and stipulation, the parties agreed custody should be awarded to defendant. Although the parties were unable to agree on proposed findings, conclusions, judgments, and decrees, each draft thereof would have awarded custody to defendant. Finally, immediately prior to commencing trial, the court noted, "The court has previously ruled on the issues of jurisdiction, grounds, and custody, I believe." We hold that when custody is not an issue, the specific findings required when custody is contested are not necessary. *See Boyer Co. v. Lignell*, 567 P.2d 1112 (Utah 1977) (it is the duty of the trial court to make findings on contested issues). To hold otherwise would burden the trial courts to prepare full, specific, detailed findings in every default divorce. When the parties presented to the court their proposed stipulation, the court questioned defendant as to her parental fitness and found her to be a fit and proper custodian of her own children. We find the

court's findings to be sufficient to support the custody decision.

■ Plaintiff argues that the issue of custody, although not in the pleadings, was clearly tried and therefore he was entitled to amend his pleadings accordingly. Utah R.Civ.P. 15(b) states:

When issues not raised by the pleadings are tried by express or implied consent of the parties, they shall be treated in all respects as if they had been raised in the pleadings. Such amendments of the pleadings as may be necessary to cause them to conform to the evidence and to raise these issues may be made upon motion of any party at any time, even after judgment; but failure so to amend does not affect the result of the trial of these issues. If evidence is objected to at the trial on the ground that it is not within the issues made by the pleadings, the court may allow the pleadings to be amended when the presentation of the merits of the action will be subserved thereby and the objecting party fails to satisfy the court that the admission of such evidence would prejudice him in maintaining his action or defense upon the merits. The court shall grant a continuance, if necessary, to enable the objecting party to meet such evidence.

Plaintiff contends testimony heard at trial regarding removal of the children from the court's jurisdiction, plaintiff's and defendant's relationship with their children, and their parental abilities and desires, which testimony was often objected to by defendant, clearly raised the issue of custody. However, such testimony is equally relevant to the issue of visitation as it is to custody. Furthermore, contrary to plaintiff's claim that he was *entitled* to amend his pleadings, the Utah Supreme Court has held, "Although Rule 15 ... tends to favor the granting of leave to amend, the matter remains in the sound discretion of the trial court." *Stratford v. Morgan*, 689 P.2d 360, 365 (Utah 1984). In denying plaintiff's motion to amend his pleadings, the court ruled, "Well, I am not going to allow you to amend the pleadings at this late date. If custody were an issue, you could have had

evaluations done, home studies done. We have not done any of that...." We find no abuse of the trial court's discretion.

Despite the court's ruling on plaintiff's motion, shortly thereafter the court offered plaintiff an opportunity to make custody an issue. Concerning visitation, plaintiff testified, "I'm afraid if I don't see them every week for the kids' physical health. I've seen bruises on them too many times and welts." The court, clearly concerned with plaintiff's allegations of abuse, said,

Now you've done it because I'm going to terminate this hearing right now, here and now, and I am going to just stop and we're going to have—I'm going to order a custody evaluation.... If what you're saying is true, then I think that I can, on my own motion, make custody an issue because I'm not going to allow you two to stipulate to a custody situation which, in my mind, would put the children at risk. And from what you're saying, I think that's exactly it. So let's take a five-minute recess and you confer with [your attorney].

Plaintiff retracted his statement, thereby declining the court's offer to place custody in issue by ordering an evaluation. The award of custody of the two children to defendant is affirmed.

### VISITATION

■ Plaintiff argues the court erred in not granting more liberal and practical visitation rights and in failing to make findings concerning the best interests of the children in light of defendant's planned move to Colorado. In determining visitation rights, the trial court must "give the highest priority to the welfare of the children over the desires of the parent." *Kallas v. Kallas*, 614 P.2d 641, 645 (Utah 1980). The visitation schedule should be realistic and reasonable and provide an adequate basis for preserving and fostering the child's relationship with the noncustodial parent. *Cooper v. Cooper*, 99 N.J. 42, 491 A.2d 606, 614 (1984).

■ In the instant case, plaintiff and the trial court were both aware of defendant's plans to move after the decree was issued.

In his complaint, plaintiff asked for an extensive schedule of visitation rights. The court trimmed plaintiff's request, awarding specific post-move visitation rights of three weeks each summer and alternate holiday weekends. The findings are silent on the best interests of the children with regard to the visitation schedule. Moreover, the court only makes mention of the intended move without any findings as to whether the move would be in the children's best interests. The trial court abused its discretion in failing to make such findings. *See Smith*, 726 P.2d at 425. We therefore vacate the visitation schedule and remand the matter to the district court with instructions to enter additional findings of fact concerning the best interests of the children as to appropriate visitation rights.

### CHILD SUPPORT

■ Plaintiff next argues the court erred in awarding $650.00 in monthly child support. He contends the court failed to consider the necessary factors in determining the amount of support:

1) the standard of living and situation of the parties;
2) the relative wealth and income of the parties;
3) the ability of the obligor to earn;
4) the ability of the obligee to earn;
5) the need of the obligee;
6) the age of the parties;
7) the responsibility of the obligor for the support of others.

Utah Code Ann. § 78–45–7(2) (1987). The court found plaintiff earned approximately $2,000.00 net per month. Defendant, although unemployed, is capable of earning $700.00 net per month. The court also heard evidence on the other factors. Plaintiff argues the wealth of defendant's parents, who made large gifts of money to defendant during the marriage, should have been considered by the trial court. Such a consideration would be tantamount to imputing the wealth and income of her parents to defendant, and thereby imposing a duty of child support on the grandparents. Such a result is contrary to the concepts of parental duty and common sense. The court acted well within its discretion in formulating an award of child support and we therefore affirm the award.

### MARITAL PROPERTY

■ Plaintiff also argues the court erred in valuing and distributing the marital property. "Determining and assigning values to marital property is a matter for the trial court, and this Court will not disturb those determinations absent a showing of clear abuse of discretion." *Talley v. Talley*, 739 P.2d 83, 84 (Utah App.1987). Plaintiff's main argument is the court failed to accept any of his proposed valuations. Such action does not constitute an abuse of discretion. *Id.* In one instance, defendant valued her household furnishings at $10,000.00 while plaintiff testified they were worth $31,000.00. The court found their value to be $5,000.00. Even assuming error in that valuation, the division is not disproportionate.

Plaintiff also contends the court erroneously omitted a $25,000.00 lien, in favor of defendant's parents, on the rental property awarded to him. At trial, plaintiff testified the lien had been extinguished, although he had no supporting documentation. Furthermore, in arguments before the trial court and this Court, it is this Court's understanding that defendant will arrange for the necessary documents to extinguish the lien. Based upon that premise, the division of marital property is affirmed.

### BIAS

■ Plaintiff last argues the trial court was biased and predisposed to award custody to defendant. Plaintiff presented to this Court his counsel's affidavit in support of his argument. Matters not admitted in evidence before the trier of fact will not be considered on appeal to this Court. *Pilcher v. State, Dep't of Social Services*, 663 P.2d 450, 453 (Utah 1983). Furthermore, plaintiff failed to object to the trial court's alleged expressions of bias; he therefore may not claim prejudicial error on appeal. *Meier v. Christensen*, 15 Utah 2d 182, 389 P.2d 734 (1964).

## CONCLUSION

Plaintiff's remaining claims are without merit. The judgment and decree of the trial court is affirmed in all respects except the visitation award. That portion of the decree is vacated and the case is remanded for further evidentiary proceedings consistent with this opinion. No costs awarded.

BILLINGS and HANSON, JJ., concur.