Barbara Ann PAINTER, Plaintiff
and Respondent,

v.

James Randall PAINTER, Defendant
and Appellant.

No. 870317–CA.

Court of Appeals of Utah.

April 12, 1988.

Michael J. Petro, Harris & Carter, Provo, for defendant and appellant.

James R. Brown, Jardine, Linebaugh, Brown & Dunn, Salt Lake City, for plaintiff and respondent.

Before BENCH, DAVIDSON and GREENWOOD, JJ.

OPINION

BENCH, Judge:

Defendant appeals the property distribution and child custody award in his decree of divorce. We affirm all but the custody award which is remanded for entry of additional findings.

Plaintiff Barbara Painter and defendant James Painter were married April 23, 1968. They had four children, Aaron, Marlo, Benjamin, and MeLea, all minors at the time of trial. During their marriage, the parties acquired several assets, including the marital home (valued at $76,000 with a $24,000 mortgage), a retirement fund ($36,886), two lots ($6,000 and $7,000), an automobile, and household furnishings. James also received, as gifts from his parents and grandfather respectively, a family partnership interest ($19,960) and stock ($6,900). Barbara filed for divorce in November 1985, seeking custody of the children, child support, alimony, and an equitable distribution of marital property and debts. James filed an answer and a counterclaim for divorce.

In March 1986, the trial court issued a restraining order prohibiting both parties from disposing of any marital property or money. James subsequently withdrew

$28,150 from the retirement fund to pay various debts, leaving approximately $8,736 in the fund. Trial was held May 18, 1987. Pursuant to the parties' stipulation, the court interviewed Aaron and Marlo to aid in its custody determination. A second interview was conducted the following day at Barbara's request.

In its findings, conclusions, and decree, the court awarded custody of Benjamin and MeLea to Barbara. The court awarded the parties joint custody of Aaron and Marlo wherein their principal place of residence would be with Barbara, but both children would live six months of the year with each party as long as both parties remained in Nephi, Utah. If either party moves, Barbara would have custody subject to James's reasonable visitation rights. The court ordered James to pay $450 in alimony, $160 per child in child support (except for the time while Aaron and Marlo are living with him), and Barbara's attorney fees. In its property distribution, the court held James violated the restraining order by paying off personal debts with the retirement fund. The court ruled that $32,950 ($36,886 less $3,936 paid in taxes) should have remained in the fund, one-half of which was credited to Barbara. Based on this premise, the court awarded Barbara exclusive possession of and one-half equity in the home, the $7,000 lot, the remaining $8,736 in the retirement fund, the car with clear title provided by James, and one-half of the proceeds from a sale of the $6,000 lot. James received one-half equity in the home, the partnership interest, the stock, and one-half of the proceeds from the $6,000 lot. The court also ordered James to pay all obligations incurred during the marriage except the mortgage on the home, liability for which was assigned to Barbara.

On appeal, James first argues the trial court erred in not equitably dividing between the parties the obligations he paid out of the retirement fund. "In adjusting the financial interests of parties to a divorce, the trial court is permitted considerable discretion and its actions are entitled to a presumption of validity." *Cook v. Cook,* 739 P.2d 90, 93 (Utah App.1987).

Absent some clear abuse of discretion, the trial court's distribution of marital assets and liabilities will not be disturbed. *Id.*

Subsequent to issuance of the trial court's restraining order, James withdrew $28,150 from the retirement fund to pay for the following: $15,460.27 business loan from Zions First National Bank, $3,085.08 pay advance and $1,622.48 loan from Painter Motor, $1,589.87 loan from First Security Bank, $2,456.28 for two motorcycles, and $3,936.10 in taxes. The trial court ruled that except for the tax payment, the withdrawals were in violation of its restraining order. The court credited Barbara with half the sum that should have remained in the fund. James contends the loans he paid were marital liabilities subject to equitable division. However, he failed to present any documentation or other evidence to characterize the loans as subjecting Barbara to any liability. We find no abuse of the trial court's discretion.

James argues the court erred in not clearly specifying the family partnership interest and company stock were his separate property. In *Burke v. Burke,* 733 P.2d 133, 135 (Utah 1987), the Utah Supreme Court held, "Premarital property, gifts, and inheritances may be viewed as separate property, and in appropriate circumstances, equity will require that each party retain the separate property brought to the marriage." The trial court awarded James his partnership interest and stock. Furthermore, after removing these two assets from the marital estate, the trial court's distribution remains equitable. James's contention is therefore without merit. We also find no merit to James's contention regarding his responsibility to secure clear title to the car for Barbara. The property distribution is affirmed.

James next argues the trial court's conduct in interviewing the two older children a second time without giving him notice violated his constitutional rights to due process and equal protection. We find no merit to James's constitutional challenge to the second interview of Aaron and Marlo. Even if James were notified of the

interview, he was not entitled to be present. Furthermore, in ruling on James's objections to the findings of fact and conclusions of law, the trial court stated the second interview was held simply to inform the two children of the joint custody decision. The failure to give James notice of the second interview was, at most, harmless error. Utah R.Civ.P. 61.

James also contends the court's findings are insufficient to support the custody award. A trial court is afforded the same broad discretion in making custody awards as it is in distributing marital property. However, to ensure the court acted within its broad discretion, the facts and reasons for the court's decision must be set forth fully in appropriate findings and conclusions. *Davis v. Davis,* 749 P.2d 647 (Utah 1988); *Marchant v. Marchant,* 743 P.2d 199 (Utah App.1987). "Proper findings of fact ensure that the ultimate custody award follows logically from, and is supported by, the evidence and the controlling legal principles." *Smith v. Smith,* 726 P.2d 423, 426 (Utah 1986). Although in equity matters this Court may review the evidence and make its own findings, that "cannot serve as an excuse for the failure below to furnish adequate findings to ensure that the trial court's discretionary determination was rationally based." *Martinez v. Martinez,* 728 P.2d 994 (Utah 1986). *See Acton v. Deliran,* 737 P.2d 996, 999 (Utah 1987); *Marchant,* 743 P.2d at 203 (trial court's failure to make proper findings is harmless error only if facts clearly support only a finding in favor of custody award).

 In the instant case, the trial court awarded Barbara sole custody of Benjamin and MeLea and joint custody of Aaron and Marlo. In its findings, the court simply found "[Barbara] is a fit and proper person to have the care, custody, and control of the minor children, Melea [sic] and Benjamin." This Court has previously recognized the Utah Supreme Court's ruling in *Martinez* wherein the Court held:

> A mere finding that the parties are or are not "fit and proper persons to be awarded the care, custody, and control"

of the child cannot pass muster when the custody award is challenged and an abuse of the trial court's discretion is urged on appeal.

728 P.2d at 995 (quoted in *Ebbert v. Ebbert,* 744 P.2d 1019, 1021 (Utah App.1987)). The findings of the trial court in the instant case are inadequate to support the custody award. Although no one set of factors governs a custody determination in every case, the trial court's findings should articulate those factors pertinent to the child's best interests which the court considered in making its determination, such as the needs of the child and the ability of each parent to meet those needs. *Sanderson v. Tryon,* 739 P.2d 623 (Utah 1987); *Marchant,* 743 P.2d at 203.

The decree of divorce is affirmed except for the custody award which is remanded for additional findings.

DAVIDSON and GREENWOOD, JJ., concur.