**Elaine Rubin SUKIN, Plaintiff and Appellee,**

**v.**

**Dean Carey SUKIN, Defendant and Appellant.**

**No. 920028–CA.**

Court of Appeals of Utah.

Nov. 27, 1992.

---

Ray G. Martineau, Salt Lake City, and Leslie W. Slaugh, Provo, for defendant and appellant.

John T. Anderson and James H. Woodall, Salt Lake City, for plaintiff and appellee.

Before BENCH, GARFF and RUSSON, JJ.

## OPINION

BENCH, Presiding Judge:

Dean Carey Sukin appeals from the trial court's order awarding custody of the parties' minor child to Elaine Rubin Sukin. We vacate the custody award and remand for proceedings consistent with this opinion.

## FACTS

The parties were married in Chicago, Illinois, in November 1986. At the time of their marriage, Dean was in his third year of medical school. In 1988, the parties moved to Salt Lake City in order for Dean to participate in a medical residency program at the University of Utah. The parties' only child, Gabrielle Lyana Sukin, was born on August 22, 1989, in Salt Lake City.

Elaine filed for divorce in March, 1991. A hearing was held in April, wherein custody was awarded to Elaine during the pendency of the proceedings, subject to Dean's reasonable visitation. Another hearing was held in May, wherein Dean was ordered to pay temporary child support, alimony, and attorney fees. By stipulation of the parties, the trial court appointed Dr. Elizabeth B. Stewart to perform a child custody evaluation.

The case was tried in September, 1991. At the end of the trial, the court awarded custody of Gabrielle to Elaine, with reasonable visitation to Dean. Dean appeals the trial court's award of custody.

## ISSUES

On appeal, Dean claims (1) that the trial court abused its discretion, in light of the evidence, in awarding custody of Gabrielle to Elaine; (2) that the findings of fact are insufficient to explain the basis for awarding custody of Gabrielle to Elaine; (3) that the trial court abused its discretion when it misinterpreted the law and refused to consider Dr. Stewart's custody evaluation; (4) that the trial court abused its discretion when it improperly considered gender-based preferences in awarding custody; and (5) that on remand this case should be assigned to a different trial judge.

## STANDARD OF REVIEW

Trial courts are given broad discretion in making child custody awards. *Maughan v. Maughan,* 770 P.2d 156, 159 (Utah App.1989). The trial court's decision regarding custody will not be upset "absent a showing of an abuse of discretion or manifest injustice." *Id.* at 159. "Howev-

er, to ensure the court acted within its broad discretion, the facts and reasons for the court's decision must be set forth fully in appropriate findings and conclusions." *Painter v. Painter,* 752 P.2d 907, 909 (Utah App.1988). The findings must be sufficiently detailed "to ensure that the trial court's discretionary determination was rationally based." *Martinez v. Martinez,* 728 P.2d 994, 994 (Utah 1986). "Specificity of findings is particularly important in custody determinations. This is so because the issues involved are highly fact sensitive." *Roberts v. Roberts,* 835 P.2d 193, 195 (Utah App.1992).

## ANALYSIS

### Inadequate Findings

■ Dean argues that the trial court's findings do not adequately explain the basis for the trial court's decision to award custody of Gabrielle to Elaine. We agree.

Both the supreme court and this court have continually instructed our trial courts to provide adequate and detailed findings of fact in making custody determinations.

To ensure that the trial court's custody determination, discretionary as it is, is rationally based, it is essential that the court set forth in its findings of fact not only that it finds one parent to be the better person to care for the child, but also the basic facts which show *why* that ultimate conclusion is justified. There must be "a logical and legal basis for the ultimate conclusions." *Milne Truck Lines v. Public Serv. Comm'n.,* 720 P.2d 1373, 1378 (Utah 1986). As we stated in *Rucker v. Dalton,* 598 P.2d 1336, 1338 (Utah 1979):

> The importance of complete, accurate and consistent findings of fact in a case tried by a judge is essential to the resolution of dispute under the proper rule of law. To that end the findings should be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached.

Proper findings of fact ensure that the ultimate custody award follows logically from, and is supported by, the evidence and the controlling legal principles. Adequate findings are also necessary for this Court to perform its assigned review function.

*Smith v. Smith,* 726 P.2d 423, 426 (Utah 1986) (citations omitted); *accord Roberts,* 835 P.2d at 195; *Jensen v. Jensen,* 775 P.2d 436, 438 (Utah App.1989); *Painter,* 752 P.2d at 909.

■ There is no definitive checklist of factors to be used for determining custody since such "factors are highly personal and individual, and do not lend themselves to the means of generalization employed in other areas of the law...." *Moon v. Moon,* 790 P.2d 52, 54 (Utah App.1990). The trial court *must,* however, make adequate findings regarding the "best interests of the child and the past conduct and demonstrated moral standards of each of the parties." Utah Code Ann. § 30–3–10(1) (1989). The court *must* also consider which parent is "most likely to act in the best interests of the child, including allowing the child frequent and continuing contact with the noncustodial parent as the court finds appropriate." Utah Code Ann. § 30–3–10(2) (1989). In order to determine the best interests of the child the court should also consider and, where applicable, make appropriate findings on the following factors:

> [T]he preference of the child; keeping siblings together; the relative strength of the child's bond with one or both of the prospective custodians; and, in appropriate cases, the general interest in continuing previously determined custody arrangements where the child is happy and well adjusted.

*Hutchison v. Hutchison,* 649 P.2d 38, 41 (Utah 1982). The court should also consider, where applicable, the following factors relating to the prospective custodians:

> [M]oral character and emotional stability; duration and depth of desire for custody; ability to provide personal rather than surrogate care; significant impairment of ability to function as a parent through drug abuse, excessive drinking, or other cause; reasons for having relinquished

custody in the past; religious compatibility with the child; kinship, including, in extraordinary circumstances, stepparent status; and financial condition. *Id.* (footnotes omitted). Whenever "custody is contested and evidence presents several possible interpretations, a bare conclusory recitation of factors and statutory terms will not suffice. We must have the necessary supporting factual findings linking those factors to the children's best interests and each parent's abilities to meet the children's needs." *Roberts*, 835 P.2d at 194.

The trial court's entire written findings, with regard to custody, state as follows:

11. Both parties are competent, loving parents and are equally fit and capable of providing Gabrielle with a stable and caring environment.

12. Gabrielle's interests would best be served if plaintiff were awarded her sole physical and legal custody subject to defendant's reasonable rights of visitation. . . .

These conclusory findings clearly do not provide an adequate explanation of the basis for awarding custody to Elaine. Furthermore, the trial court did not make any additional subsidiary findings in open court to support its ultimate finding that it would be in the best interests of the child for custody to be granted to Elaine.

■ The trial court's inadequate findings in this case constitute reversible error unless the facts in the record are "clear, uncontroverted, and capable of supporting only a finding in favor of the judgment." *Kinkella v. Baugh*, 660 P.2d 233, 236 (Utah 1983). Elaine agrees that the findings "do not fully detail the many evidentiary predicates supporting a custody award to wife." She argues, however, that the award of custody is overwhelmingly supported by the factual record. We disagree. The record in this case is almost 1300 pages long. It contains abundant testimony from various witnesses supporting the claims of both parties. The facts simply are not clear, uncontroverted, and capable of supporting only a finding in favor of the judgment.

We therefore conclude that the trial court's subsidiary findings are inadequate to support its ultimate finding that it would be in the best interests of the child that custody be granted to Elaine. We vacate the court's custody award and remand this case for further proceedings consistent with this opinion. Having so concluded, we do not reach Dean's claim that the trial court abused its discretion in awarding custody to Elaine.

### Dr. Stewart's Evaluation

■ Dean argues that the trial court abused its discretion when it refused to consider Dr. Stewart's evaluation because she recommended that any sole custody award to Elaine be predicated upon her living in a close geographical proximity to Dean. The trial court made the following statement with regard to Dr. Stewart's recommendation: "I'm not going to tell these people where they can live. I don't think I can do that." Dean claims that this statement indicates that the trial court misunderstood Dr. Stewart's recommendation as requiring a restriction to be placed directly on Elaine's right to choose a place to live. He claims that because of this misunderstanding the trial court rejected Dr. Stewart's recommendations. Dean argues, however, that Dr. Stewart did not suggest that a restriction be placed on Elaine's right to choose a place to live, but instead that Elaine not be granted custody if she does not live close to Dean.

We recognize that an award of custody can be predicated upon requiring the custodial parent to keep the children within this jurisdiction. *See Curry v. Curry*, 7 Utah 2d 198, 204, 321 P.2d 939, 943 (1958) ("plaintiff should be required to retain the children in this jurisdiction until the further order of this court so that the defendant may enjoy the full privileges of visiting and maintaining the best possible paternal relationship with them."). However, it is entirely unclear from the findings as to what prompted the trial court to reject Dr. Stewart's evaluation. "[A]lthough the trial court is not bound to accept the evaluation [of a court appointed evaluator], we think

some reason for rejecting the recommendation ... is in order." *Tuckey v. Tuckey*, 649 P.2d 88, 91 (Utah 1982).

### Improper Gender–Based Preference

■ Dean argues that the trial court abused its discretion by improperly considering gender-based preferences. In particular, he claims that when issuing its decision from the bench, the trial court made several statements against fathers that indicate an impermissible gender-based preference. Dean points to the court's statement that it is normal for men to show less emotion than women—"it's the nature of the beast." He also points to the following statements of the trial court:

> I think there is no question, no question, that [a] woman is going to spend more time with the child, if [Dean] remarries or if the plaintiff remarries.

> The plaintiff is still going to spend more time with the child, and the defendant's new wife is going to spend more time with the child. So that is not something that is controlling as far as the court is concerned.

In 1986, the Utah Supreme Court did away with gender-based preferences in custody determinations. *Pusey v. Pusey*, 728 P.2d 117, 119 (Utah 1986). The supreme court stated that "[w]e believe the time has come to discontinue our support, even in dictum, for the notion of gender-based preferences in child custody cases." *Id.* The court held that the maternal preference has the effect of denying custody to a father who is equally as capable of parenting as the mother, solely because of his gender. *Id.* at 120. The court stated that:

> the rule lacks validity because it is unnecessary and perpetuates outdated stereotypes. The development of the tender years·doctrine was perhaps useful in a society in which fathers traditionally worked outside the home and mothers did not; however, since that pattern is no longer prevalent, particularly in post-separation single-parent households, the tender years doctrine is equally anachronistic.

*Id.* The court stated that "we disavow today those cases that continue to approve, even indirectly, an arbitrary maternal preference, thereby encouraging arguments such as those made by the cross-appellant in this case." *Id.* Therefore, on remand, the custody award in this case cannot be based, directly or indirectly, on gender-based preferences or stereotypes.

### Reassignment on Remand

■ Dean argues that it would be prejudicial to remand this case to the same trial court that has already made a custody determination and may be biased against his position. He therefore requests that any remand of this case be made with directions that the case be assigned to a different trial judge.

Dean has not, however, raised the issue of bias or prejudice in the trial court. We are governed by the general principle that matters not put in issue before the trial court may not be raised for the first time on appeal. *James v. Preston*, 746 P.2d 799, 801 (Utah App.1987). This principle applies where the bias or prejudice of a trial judge is alleged. Rule 63(b) of the Utah Rules of Civil Procedure provides:

> Whenever a party to any action or proceeding, civil or criminal, or his attorney shall make and file an affidavit that the judge before whom such action or proceeding is to be tried or heard has a bias or prejudice, either against such party or his attorney or in favor of any opposite party to the suit, such judge shall proceed no further therein, except to call in another judge to hear and determine the matter.

This rule requires that a party alleging bias or prejudice must first file an affidavit in the trial court. *See Ebbert v. Ebbert*, 744 P.2d 1019, 1023 (Utah App.1987) (affidavits regarding bias or prejudice not admitted before the trial court will not be considered on appeal); *see also Haslam v. Morrison*, 113 Utah 14, 190 P.2d 520, 523 (1948) (the issue of bias or prejudice is a matter to be determined by the trial court "in the first instance," subject to appellate review); Utah Code of Judicial Conduct, Cannon 3(C)(1) (providing examples of potential

grounds for disqualification). We will not therefore address the issue of bias or prejudice when it is raised for the first time on appeal.

## CONCLUSION

We conclude that the trial court's findings are inadequate to support its award of custody to Elaine. We therefore vacate the trial court's order and remand for appropriate proceedings. On remand, the trial court must include findings addressing the statutory factors listed in Utah Code Ann. § 30-3-10 (1989), as well as any other factors it finds relevant. Furthermore, if it is not otherwise clear from the findings, the trial court should include an explanation of its decision to accept or reject Dr. Stewart's recommendations. The trial court must also avoid any reliance on gender-based preferences or stereotypes. Finally, we do not address the issue of bias or prejudice because it has been raised for the first time on appeal.

We vacate the custody award and remand for proceedings consistent with this opinion.

GARFF and RUSSON, JJ., concur.