Kathleen R. **BARNES**, Plaintiff and Appellee,

v.

Steven Lyn **BARNES**, Defendant and Appellant.

No. 920608–CA.

Court of Appeals of Utah.

July 13, 1993.

Carolyn L. Driscoll, Salt Lake City, for defendant and appellant.

Stuart W. Hinckley, Salt Lake City, for plaintiff and appellee.

Before BILLINGS, GARFF and ORME, JJ.

BILLINGS, Presiding Judge:

In this divorce action, Steve Barnes appeals challenging the trial court's decision on custody, alimony, and division of his retirement fund. We reverse and remand.

## FACTS

Kathy and Steve Barnes married in September 1972. They have three children: Jamie born in 1976, Adam born in 1979, and Jennifer born in 1982.

During the marriage Steve worked for Savage Brothers where he had a retirement plan. When Savage Brothers sold its operation Steve received a $14,000 payout from his retirement plan. Steve continued to work for the new owners. At the time of the trial Steve earned a gross monthly salary of $2400 per month.

During the marriage Kathy was the primary caretaker for the children. She also returned to school to acquire her high school degree. She then obtained a job as an audit clerk for United Parcel Service. Kathy still works there part-time earning $1026 per month.

The Barneses separated twice before their divorce. Steve and the children lived together in the family home. During the first separation Kathy moved in with her mother. She continued, however, to provide significant care for the children. The first separation lasted approximately 18 months. Kathy and Steve attempted to reconcile and Kathy moved back into the marital home for eight months.

In January 1991, Kathy filed for divorce. Kathy did not appear at the temporary custody hearing because her counsel misinformed her of the date. The court awarded temporary custody to Steve because Steve had possession of the home and custody of the children during the first separation. Kathy again moved in with her mother. Kathy however continued to provide care for the children in the mornings and afternoons.

After trial, the court awarded Kathy custody of the children subject to visitation by Steve. The trial court also awarded Kathy $500 per month alimony. The trial court divided the retirement money Steve received from working at Savage Brothers by giving each party one half of the $14,000 initially paid to Steve.

On appeal, Steve argues there are deficiencies in the trial court's decisions concerning the custody and alimony awards: (1) The trial court's findings of fact are inadequate; (2) The evidence is insufficient to support the findings; and (3) The trial court's decisions were an abuse of discretion. Finally, he asserts the trial court erred in dividing the full $14,000 he received from Savage Brothers.

Kathy contends the custody and alimony awards are proper. She concedes, however, the division of the retirement fund should be recalculated.

## I. CUSTODY

### A. Standard of Review

"Trial courts are given broad discretion in making child custody awards." *Sukin v. Sukin*, 842 P.2d 922, 923 (Utah App. 1992) (citing *Maughan v. Maughan*, 770 P.2d 156, 159 (Utah App.1989)). "The trial court's decision regarding custody will not be upset 'absent a showing of an abuse of discretion or manifest injustice.'" *Id.* (quoting *Maughan*, 770 P.2d at 159). "We give great deference to the trial court's findings of fact and do not overturn them unless they are clearly erroneous." *Riche v. Riche*, 784 P.2d 465, 467 (Utah App. 1989). "'However, to ensure the court acted within its broad discretion, the facts and reasons for the court's decision must be set forth fully in appropriate findings and conclusions.'" *Sukin*, 842 P.2d at 924 (quoting *Painter v. Painter*, 752 P.2d 907, 909 (Utah App.1988)).

### B. Inadequate Findings

■ Our threshold consideration on review is whether the trial court's findings are adequate to support its custody award. *Roberts v. Roberts*, 835 P.2d 193, 195 (Utah App.1992). If the findings are legally inadequate the exercise of marshalling the evidence in support of the findings becomes futile and the appellant is under no obligation to marshal. *Woodward v. Fazzio*, 823 P.2d 474, 477 (Utah App.1991).

■ The trial court is required to make adequate findings regarding the best interests of the child and past conduct and demonstrated moral character of each of the parents. *Sukin v. Sukin*, 842 P.2d 922, 924 (Utah App.1992) (citing Utah Code Ann. § 30–3–10(1) (1989)). It is also required to consider which parent is most likely to act in the child's best interest and to make findings regarding that consideration. *Id.* (citing Utah Code Ann. § 30–3–10(2) (1989)). Where applicable, the court may also consider and make findings on other relevant factors.[1]

■ The trial court must not merely conclude one parent is the better custodian. The court must articulate the basic facts it found and the logical steps it used to reach the ultimate custody conclusion. *Id.* "The findings must be sufficiently detailed 'to ensure that the trial court's discretionary determination was rationally based.'" *Id.* (quoting *Martinez v. Martinez*, 728 P.2d 994, 994 (Utah 1986)). This allows us, in reviewing a custody determination, to make sure the determination flows logically from both the evidence and the controlling legal principles. *Id.* "Specificity of findings is particularly important in custody determinations. This is so because the issues involved are highly fact sensitive." *Roberts*, 835 P.2d at 195. When custody is contested and the evidence presents several possible interpretations, a bare conclusion and recitation of the factors and statutory considerations will not suffice. *Id.* at 196.

We have previously set out the analysis for determining whether findings are adequate.

[T]rial courts [must] provide adequate and detailed findings of fact in making custody determinations. "To ensure that the trial court's determination, discretionary as it is, is rationally based, it is essential that the court set forth in its findings of fact not only that it finds one parent to be the better person to care for the child, but also the basic facts which show *why* that ultimate conclusion is jus-

---

1. Other relevant factors may include: "'[T]he preference of the child; keeping siblings together; the relative strength of the child's bonds with one or both of the prospective custodians; and, in appropriate cases, the general interest in continuing previously determined custody arrangements where the child is happy and well adjusted.'" *Sukin*, 842 P.2d at 924 (quoting *Hutchison v. Hutchison*, 649 P.2d 38, 41 (Utah 1982)). *Sukin* goes on to include: "'[M]oral character and emotional stability; duration and depth of desire for custody; ability to provide personal rather than surrogate care; significant impairment of ability to function as a parent through drug abuse, excessive drinking, or other cause; reasons for having relinquished custody in the past; religious compatibility with the child; kinship, including, in extraordinary circumstances stepparents; and financial condition.'" *Id.* at 924–25 (quoting *Hutchison*, 649 P.2d at 41).

tified. There must be 'a logical and legal basis for the ultimate conclusions.' "

*Sukin*, 842 P.2d at 924 (quoting *Smith v. Smith*, 726 P.2d 423, 426 (Utah 1986) (quoting *Milne Truck Lines v. Public Service Comm'n*, 720 P.2d 1373, 1378 (Utah 1986))). We stressed

> "[t]he importance of complete, accurate and consistent findings of fact in a case tried by a judge is essential to the resolution of dispute under the proper rule of law. To that end the findings should be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached."

[quoting *Rucker v. Dalton*, 598 P.2d 1336, 1338 (Utah 1979).]

> "Proper findings of fact ensure that the ultimate custody award follows logically from, and is supported by, evidence and the controlling legal principles. Adequate findings are also necessary for this court to perform its assigned review function."

*Id.* (quoting *Smith*, 726 P.2d at 426 (citations omitted)).

The failure of trial courts to make adequate findings has been a recurring problem in custody appeals.[2] For example, in *Roberts*, we held the trial court's findings of fact inadequate to provide us a basis on which to assess the correctness of the court's custody decision. *Roberts*, 835 P.2d at 197. The findings of fact in *Roberts* included:

> a. That both parties are capable of providing care of the minor children.

> b. That both parties have participated in acts that bear on their moral character, to-wit: [Wife] with the ZCMI incident [engaged in a sexual act with another man in parking terrace] and [Husband] with incident at the bar [asking women for their phone numbers and asking for money back on drinks if he didn't get the number]. Further, the court

finds that the incident at the bar did in fact take place and that [Husband] was less than candid in his testimony given to the court regarding the same.

> c. That [Husband] has physically abused [Wife] during the marriage. [He punched her and broke her nose]

> d. That although [Husband] has had custody of the minor children since 1990; since that period of time is not substantial the court has not given it a great deal of weight.

> e. That both parties have a desire for custody and a bonding with the children.

> f. That [Wife] was the primary caretaker of the minor children during the marriage and prior to the separation in January, 1990.

> g. That [Wife] is far more amenable to giving liberal visitation to [Husband] than [Husband] would be to [Wife].

> h. That [Wife] has better parental skills than [Husband] based upon her being the primary caretaker.

> i. That it is in the best interests of the children that [Wife] be awarded the sole care, custody and control of the two (2) minor children of the parties.

*Id.* at 196–97. We found that the finding on the parties' moral character gave no guidance on how those acts related to the parties' parenting abilities and the best interests of the children. *Id.* at 197. Thus, we remanded for more detailed findings and did not reach the issue of whether the evidence was insufficient to support the findings or whether the court abused its discretion in the custody award. *Id.*

■ The findings in this case are inadequate because they do "not demonstrate a rational factual basis for the ultimate decision by reference to pertinent factors that relate to the best interests of the child, including specific attributes of the parents." *Smith*, 726 P.2d at 426.

---

2. *See, e.g., Painter v. Painter*, 752 P.2d 907 (Utah App.1988); *Martinez v. Martinez*, 728 P.2d 994 (Utah 1986); *Hutchison v. Hutchison*, 649 P.2d 38 (Utah 1982); *Ebbert v. Ebbert*, 744 P.2d 1019 (Utah App.1987), *cert. denied*, 765 P.2d 1278 (Utah 1988); *Marchant v. Marchant*, 743 P.2d 199 (Utah App.1987).

In this case the trial court made the following written findings of fact regarding the custody of the three minor children.

7. The evaluator considered the best interests of the children and determined the plaintiff had the emotional stability and character to be awarded custody.

8. The court considered, among other things, the relative strength of parental bonds, relative ability of parents to provide care, supervision and suitable environment for children, and the parents' desire for custody.

9. The court considered the issues raised by the parties at trial.

10. The court considered the apparent commitment of the parties to parenting.

11. The scholastic performances of the three minor children declined during the period in which the defendant had temporary custody.

....

14. It is in the best interests of the children that custody of the parties' minor children be awarded to the plaintiff.

15. It is in the best interests of the children that said custody be subject to maximum visitation privileges in the defendant and that the custody Evaluation sets out a minimum visitation schedule.

16. It is in the best interests of the children that the defendant have a real opportunity to be involved in the children's lives.

The trial judge supplemented the written findings in his ruling from the bench.

I have now had the opportunity to interview the children of the parties individually... and I must say I am very impressed with the children. They seem happy and well-adjusted, bright and articulate.... The decision and recommendation that [the evaluator] has given were difficult by his own testimony and they're difficult for this Court. Neither party here is unfit. Both parties are concerned about the welfare of the children. That is patently obvious to me. Both parties deeply love their children and it is a very close call.... [The evaluator] has recommended that the Plaintiff be given custody, I am compelled to affirm and adopt that recommendation. The Plaintiff's level of commitment to her children during the course of this separation has exceeded that of the Defendant and that's been established by their actions during the course of their separation. [The evaluator's] opinion that the children have closer and stronger emotional ties to their mother than their father, I believe, is borne out by the actions and the testimony....

Written findings of fact # 7, # 8, # 9, and # 10 are merely a recitation of the factors which must be considered in a custody award. Thus, as we noted in *Sukin*, they provide no insight into the logical or factual basis of the court's decision. Findings # 14, # 15, and # 16 are merely conclusions mimicking statutory factors without disclosing the subsidiary facts or the reasoning the court found important.

The court did make some relevant findings. First, in written finding of fact # 11, it found the scholastic performances of the children dropped while Steve had temporary custody. Second, in the court's oral statements it found that Kathy's level of commitment exceeded Steve's, and that the children had closer and stronger emotional ties to their mother. However these three findings are not sufficient. The record is replete with highly disputed evidence relevant to the custody issue which is not dealt with at all in the findings. The findings do not show whether the court considered the moral conduct or emotional stability of the parties and what evidence the court found determinative in deciding the best interests of the children. There is no explanation as to why the court found the custody situation existing at the time of trial was not in the best interests of the children. This is particularly troublesome because the trial court states the children seem "happy and well-adjusted, bright and articulate." The trial court merely seems to accept the evaluator's recommendations without explanation.

Because the findings are inadequate for us to conduct a meaningful review we re-

mand the custody issue for more detailed findings.[3]

## II. ALImONY

■ Steve argues the trial court's findings of fact were insufficient to support its alimony award and the trial court abused its discretion in making the award to Kathy. We agree and remand for more detailed findings on the issue of alimony.

The criteria to be used in determining alimony are well-established. We recently reiterated them in *Watson v. Watson,* 837 P.2d 1 (Utah App.1992).

"In awarding alimony, appellate courts require the trial court to consider each of the following three factors: (1) the financial conditions and needs of the receiving spouse; (2) the ability of the receiving spouse to produce a sufficient income for him or herself; and (3) the ability of the responding spouse to provide support. If these three factors have been considered, we will not disturb the trial court's alimony award unless such a serious inequity has resulted as to manifest a clear abuse of discretion. The ultimate test of an alimony award is whether the party receiving alimony will be able to support him or herself 'as nearly as possible at the standard of living ... enjoyed during the marriage.' "

*Id.* at 3 (quoting *Schindler v. Schindler,* 776 P.2d 84, 90 (Utah App.1989) (quoting *English v. English,* 565 P.2d 409, 411 (Utah 1977))). *See also Davis v. Davis,* 749 P.2d 647, 649 (Utah 1988).

"[I]n considering these factors, the trial court is required to make adequate factual findings on all material issues, unless the facts in the record are 'clear, uncontroverted, and capable of supporting only a finding in favor of the judgment.' " *Haumont v. Haumont,* 793 P.2d 421, 424 (Utah App. 1990) (quoting *Throckmorton v. Throckmorton,* 767 P.2d 121, 124 (Utah App.1988) (quoting *Acton v. Deliran,* 737 P.2d 996, 999 (Utah 1987))).

The trial court's written findings relevant to alimony consisted of:

18. The plaintiff's gross monthly income is $1026.00 and the defendant's gross monthly income is $2399.00, for a combined gross monthly income of $3425.00.

19. The plaintiff is in need of alimony assistance in order to maintain a home and living expenses for herself and her children.

The trial court's oral findings from the bench regarding alimony consisted of:

In this matter the Plaintiff has established the need for alimony and the Defendant has a limited ability to pay alimony. It is my judgment that the maximum amount that the Defendant will be able to pay is $500 per month. That will be a deductible item for tax purposes to the Defendant and income for tax purposes to the Plaintiff.

There are insufficient findings on the first factor, Kathy's needs and financial condition. The findings do not determine what her reasonable and necessary expenses are and the record is not clear and uncontroverted. The second factor, Kathy's ability to produce sufficient income, is also problematic. It is uncontroverted that Kathy has a high school education and has a part-time job with United Parcel Service. However, the court made no findings on whether she could work full-time and thus increase her income. The court failed to make sufficient findings in light of testimony that Kathy had worked full-time on occasion in the past and that full-time employment would be available to Kathy if she wanted it. Nor did the court find that her part-time work was necessitated by her need to care for the children, all of whom are school age. The third factor, Steve's ability to pay, was partially demonstrated through findings on his monthly gross income. However, there are no finding on what his reasonable needs are. Thus, we remand for the entry of sufficient findings

---

3. Because we remand the custody issue due to inadequate findings, we do not reach Steve's arguments that there was insufficient evidence

to support the findings and that there was an abuse of discretion by the trial court.

to support the alimony award or for its recalculation.

## III. DIVISION OF RETIREMENT FUND

The parties do not disagree that the retirement fund Steve received should be divided equally. Both parties also agree the trial court erred in determining the total amount available for division.

The trial court divided the entire $14,000 retirement fund equally. Both parties agree the proper amount to be divided is the amount remaining after subtracting the funds spent on bona fide marital expenses. We therefore reverse and remand for a recalculation of the amount each party should receive.

## IV. CONCLUSION[4]

Because the findings regarding custody and alimony are not sufficient we remand on those issues. Because both parties agree there was error in the division of the retirement fund, we also reverse and remand that issue.

GARFF and ORME, JJ., concur.

---

**4.** Steve also appeals the denial of his motions for reconsideration and a new trial. Because we address the issues on their merits we do not address the denied motions.