445 P.2d 701

**Mary Ireta CROFTS, Plaintiff and Appellant,**

v.

**Josiah Hoyt CROFTS, Defendant and Respondent.**

**No. 11165.**

Supreme Court of Utah.

Sept. 27, 1968.

1. John 3:19.

Mattsson & Jackson, Richfield, for appellant.

Ken Chamberlain, of Olsen & Chamberlain, Richfield, for respondent.

ELLETT, Justice:

On November 5, 1962, the appellant, as plaintiff below, was awarded a decree of divorce from the respondent. There was neither a motion for a new trial or to amend the judgment ever filed, nor was there an appeal taken. On August 23, 1966, over three years after the divorce

became final, the plaintiff filed a "Petition for Interpretation of Decree of Divorce and to have Defendant Render an Accounting." The matter was thereafter brought before the court, and an interpretation was made by the judge as to the language used in the original decree. The plaintiff, being dissatisfied with what the court said the original decree meant, filed a motion to vacate and set aside the order as made. This motion was argued to the court, and a hearing was had on the accounting phase of the original motion. Witnesses were called and exhibits received into evidence. An "Amended Decision" of the court was filed, and thereafter findings of fact, conclusions of law, and a document denominated "Declaratory Judgment" were filed.

Insofar as the accounting between the parties is concerned the evidence supports the findings made, and we should not disturb them because of the advantaged position of the trial judge in weighing the testimony which he heard.

We do not think the appellant needs to nor can she appeal from the so-called declaratory judgment insofar as it attempts to modify or clarify the original decree. It is not a final judgment and hence not appealable. It is nothing more than the statement of the judge as to how he proposes to interpret the judgment in the event of the occurrence of certain contingencies. It is not the prerogative of the court to give opinions on contingent questions not properly before him. In the first place, the contingency may never occur. In the second place, there may be a different judge on the bench if and when it does occur, and then it will be the language of the original decree which will determine the situation before the court. The so-called declaratory judgment insofar as it undertakes to modify or clarify the original decree is a nullity. There is at the present time nothing to call forth the opinion of the judge as expressed therein.

The reason why there cannot be a declaratory judgment upon a judgment is twofold:

First, it is not included within the terms of the statute permitting declaratory judgments. Section 78–33–2, U.C.A.1953, reads as follows:

> Any person interested under a *deed, will* or *written contract,* or whose rights, status or other legal relations are affected by a *statute, municipal ordinance, contract* or *franchise,* may have determined any question of construction or validity arising under the instrument, statute, ordinance, contract or franchise and obtain a declaration of rights, status or other legal relations thereunder. (Emphasis added.)

Second, the finality of a judgment must be respected in order to insure

the rights of parties. Section 30–3–5, U.C.A.1953, provides:

> \* \* \* Such subsequent changes or new orders may be made by the court with respect to the disposal of the children or the distribution of property as shall be reasonable and proper.

This, however, requires some good cause based upon a change of circumstances for modifying the decree and cannot be done by interpreting the language thereof. Litigation must be put to an end, and it is the function of a final judgment to do just that. A judgment is the final consideration and determination of a court on matters submitted to it in an action or proceeding. (49 C.J.S. Judgments § 1.)

If a judgment can mean one thing one day and something else on another day, there would be no reason to suppose that the litigation had been set at rest. The same must be said if the judgment can mean one thing to one judge and something else to another judge. All are bound by the original language used, and all ought to interpret the language the same way. No court should express an opinion of what the judgment means until the judgment is called into question by some factual situation relating thereto. The judge who tried the case and who ought to know what he meant to say, after the time for appeal, etc., has passed cannot any more change or cancel one word of the judgment than can any other judge.

There are certain remedies available to a dissatisfied litigant to have the court change or correct a judgment, viz., a motion for a new trial, a motion to amend, an appeal to the Supreme Court. When the time for appeal has passed, there is nothing further to be done in that particular case towards changing or modifying the judgment except as indicated above. This is not to say that under given considerations such, for example, as extrinsic fraud and so forth, a party might not in a separate suit in equity be able to affect a judgment already given. There are no such matters claimed herein, nor is this a different suit or action. It simply arises on a motion made in the original suit.

 In the accounting phase of the hearing the court did not allow interest from date of judgment to accrue on the $10,000 awarded to the plaintiff in the original decree. That decree specifically provided that the amount was to be paid out of profits from business interests and receipt of proceeds from sale of business assets, and then only when the funds were actually received by the defendant. We think the court was correct in holding that interest did not begin to run until the plaintiff had a right to the money.

The ruling of the court is affirmed insofar as the accounting between the parties is concerned. However, that portion of the order denominated "Declaratory Judgment" which undertook to modify or ex-

plain the original decree is held to be of no force and effect.

This matter is remanded to the district court for such further proceedings as are meet and proper and in conformity with what we have said above. No costs are awarded.

CROCKETT, C. J., and CALLISTER, TUCKETT and HENRIOD, JJ., concur.