**Eva Louise JEFFERIES, Plaintiff and Respondent,**

v.

**Donald Lloyd JEFFERIES, Defendant and Appellant.**

**No. 870228–CA.**

Court of Appeals of Utah.

April 13, 1988.

Noall T. Wootton (argued), American Fork, for defendant and appellant.

Richard B. Johnson (argued), Orem, for plaintiff and respondent.

Before BENCH, DAVIDSON and GREENWOOD, JJ.

## OPINION

GREENWOOD, Judge:

Defendant, Donald Lloyd Jefferies, appeals from a divorce decree which awarded a contract, owned by defendant and plaintiff, Eva Louise Jefferies, to their adult handicapped daughter. Defendant seeks reversal of the trial court's findings and remand for further findings. We reverse and remand.

Plaintiff and defendant were divorced following forty-four years of marriage. During the marriage, the parties had four children. At the time of the divorce, all of the children were adults, but one child, Joycelyn, was thirty-seven, had a mental age of approximately thirteen and was dependent upon plaintiff for support.

The trial court found plaintiff's earning ability was $136 per month from social security and defendant's earning capacity was $436 per month from social security and $300 per month from part-time work. The trial court also found that if it did not make provision for support of Joycelyn, she would become a ward of the state. The court then divided the parties' marital assets, including contracts receivable on properties the parties sold during the marriage, and awarded one contract receivable, on the El Rancho Motel in Provo, Utah, to Joycelyn. The contract receivable on the El Rancho Motel provided for payments over the next 28.9 years, with a principal balance of $178,655 plus interest of 8.5% and monthly payments of $1,385. A contract payable by the parties on the same property had a $17,846 principal balance payable at $500 per month for approxi-

mately 5.25 years. The court ordered that the net proceeds of the two contracts be placed in an account for Joycelyn's use with plaintiff as custodian of the monies and the use thereof. The court also ordered defendant to pay $1 per month support for Joycelyn.

Defendant claims that the amount of child support was arbitrarily determined without consideration of the factors set forth in Utah Code Ann. § 78-45-7 (1987) and that the court erred in awarding the contract receivable to Joycelyn.

## I

We first examine whether the trial court's child support award was arbitrarily determined without proper consideration of the factors set forth in section 78-45-7.

The financial obligation of a parent to an incapacitated adult child is contained in section 78-45-1 through 13 (1987), the Utah Uniform Civil Liability for Support Act. Sections 3 and 4 state that every man and every woman is required to support his or her child. "Child" includes "a son or a daughter of whatever age who is incapacitated from earning a living and without sufficient means." Section 78-45-2(4). The trial court found that

> the parties have a child, Joycelyn Jefferies, who was born on December 5, 1949, who has a mental age of approximately 13 years. The Court finds the parties have always been responsible for the child and that the Court must consider those factors in deciding this case. Specifically, the Court finds that if the Court does not make provision for support of this individual, that individual shall become award [sic] of the State of Utah.

■ Defendant does not dispute his responsibility to provide support for Joycelyn so long as she is in need, nor the fact that she has limited capacity. Defendant does, however, contend that the court should have, but did not, consider all of the factors set forth in section 78-45-7. Section 78-45-7 states:

> the court, in determining the amount of prospective support, shall consider all relevant factors including but not limited to:

> (a) the standard of living and situation of the parties;

> (b) the relative wealth and income of the parties;

> (c) the ability of the obligor to earn;

> (d) the ability of the obligee to earn;

> (e) the need of the obligee;

> (f) the age of the parties;

> (g) the responsibility of the obligor for the support of others.

Because those factors involve questions of fact, we examine the trial court's findings of fact and defer to those findings unless they are clearly erroneous. *State v. Walker*, 743 P.2d 191, 193 (Utah 1987). It is well-established that "[f]ailure of the trial court to make findings on all material issues is reversible error unless the facts in the record are 'clear, uncontroverted, and capable of supporting only a finding in favor of the judgment.'" *Acton v. J.B. Deliran*, 737 P.2d 996, 999 (Utah 1987) (quoting *Kinkella v. Baugh*, 660 P.2d 233, 236 (Utah 1983)). In addition, "[t]he findings 'should be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached.'" *Id.* (quoting *Rucker v. Dalton*, 598 P.2d 1336, 1338 (Utah 1979)).

■ Section 78-45-7 requires the trial court to consider at least the seven factors listed therein. Further, those factors constitute material issues upon which the trial court must enter findings of fact. In this case, however, the trial court failed to enter findings on all of the factors. Further, the facts in the record are not so clear and uncontroverted as to support the amount of child support awarded to Joycelyn. For example, the only evidence in the record regarding Joycelyn's financial needs is plaintiff's financial declaration, but that declaration does not separate plaintiff's and Joycelyn's financial needs. Therefore, we conclude that the trial court's findings of fact are insufficient. We specifically hold that where the court orders a party to pay child support to a child who has reached the age of majority but is nevertheless entitled to support under section

78–45–2, the court must enter specific findings of fact on each of the factors set forth in section 78–45–7. Our holding should not be interpreted to mean that the trial court's decision as to the amount of child support is incorrect, but only that the court's findings of fact are insufficient to allow appellate review of the amount awarded.

## II

We next address whether the trial court erred in awarding the parties' contract receivable to their adult child. In *English v. English*, 565 P.2d 409, 412 (Utah 1977)[1], the Utah Supreme Court stated:

> A court may not, under a decree of divorce, attempt to transfer any property of either parent to the children, for the purpose of creating an estate for their permanent benefit. Furthermore, the court may not make provision out of the property of either of the parties for the maintenance of children who are of age, and who are not physically incapacitated.

In this case, the court awarded the parties' personal property, the contract receivable on the El Rancho Motel, to Joycelyn. The property was clearly intended to provide an estate for Joycelyn's permanent benefit. Joycelyn would receive income of $885 per month for the first 5.25 years of the contract, and, after payout of the underlying obligation, $1,385 per month for about 23 years after that. The contract would provide financial resources for Joycelyn at least until she reached the age of 65, unless she sold or otherwise disposed of this asset. Accordingly, the court's award of the contract receivable to Joycelyn is contrary to the rule as stated in *English*. Therefore, we hold that the trial court erred in awarding the parties' contract receivable to their mentally handicapped daughter.

We note, however, that this Court has no objection to or quarrel with the trial court's apparent notion that support payments by defendant for Joycelyn should be from a source other than defendant's income and that the net proceeds from the El Rancho Motel contract would be an appropriate source for those support payments. This end could be met, after making necessary findings of fact, by awarding support equal to the net contract proceeds and having those proceeds under the control of plaintiff for the sole benefit of Joycelyn.

Reversed and remanded for proceedings in accordance with this opinion.

BENCH and DAVIDSON, JJ., concur.

---

1. In *Fletcher v. Fletcher*, 615 P.2d 1218, 1222 (Utah 1980), the Utah Supreme Court restated this portion of *English* in dicta. Because that restatement appears to be inaccurate and because it is dicta, we do not rely on the restatement in this opinion.