Jacqueline Sue **RICHE**, Plaintiff and Respondent,

v.

Derald L. **RICHE**, Defendant and Appellant.

**No. 890090–CA.**

Court of Appeals of Utah.

Dec. 13, 1989.

Kenneth M. Hisatake (argued), Salt Lake City, for defendant and appellant.

Joane Pappas White (argued), Price, for plaintiff and respondent.

Before BENCH, BILLINGS and GREENWOOD, JJ.

## OPINION

BILLINGS, Judge:

The appellant, Derald L. Riche ("Husband"), and the respondent, Jacqueline Sue Riche ("Wife"), filed for divorce after fourteen years of marriage and four children. Prior to the divorce trial, the trial court conducted a full-day evidentiary hearing to determine temporary custody, use of the family home, and support. Husband alleged Wife had abused and neglected their children and thus he sought their custody. Wife denied his claims. The court found no evidence of abuse or neglect of the children and awarded Wife temporary custody.

Again at trial, Husband made numerous claims as to Wife's unfitness as a custodial parent and she responded with contrary evidence. The court found that it was in the children's best interests that custody be awarded to Wife and entered specific findings concerning the factors which led to its decision. The court also entered a liberal visitation order.

Husband filed a document labeled Motion for New Trial and/or Motion to Amend Findings and/or Motion to Alter or Amend Judgment. The court denied the motions, noting that the motions were not supported by an affidavit nor had Husband shown cause as to why he did not present the matters contained in the motions to the court at the time of trial.

Husband appeals, claiming that the trial court erred in (1) refusing to take judicial notice of evidence presented in the hearing on temporary custody; (2) placing undue emphasis on the primary caretaker factor and failing to consider other relevant evidence at trial; (3) failing to obtain an investigative report on the issue of alleged child abuse pursuant to Utah Code Ann. § 30–3–5.2 (1988); and (4) failing to enter specific findings of fact in support of the visitation order. Wife claims this appeal is frivolous and that, in any event, she should be awarded her attorney fees on appeal. We affirm, but remand for a determination as to whether Wife should be awarded attorney fees on appeal.

## CUSTODY

We give great deference to the trial court's findings of fact and do not overturn them unless they are clearly erroneous. *In re Estate of Bartell,* 776 P.2d 885, 886 (Utah 1989); *State v. Walker,* 743 P.2d 191, 192–93 (Utah 1987); Utah R.Civ.P. 52(a). We defer to the trial court to judge the credibility of witnesses. Utah R.Civ.P. 52(a). Furthermore, in a custody dispute, "[t]he trial court is best suited to assess the factors upon which it based its determination, given its proximity to the parties and circumstances, and its opportunity to personally observe and evaluate the witnesses." *Myers v. Myers,* 768 P.2d 979, 984 (Utah Ct.App.1989) (citing *Alexander v. Alexander,* 737 P.2d 221, 223 (Utah 1987)); *see also Shioji v. Shioji,* 712 P.2d 197, 201 (Utah 1985). Thus, we will not overturn the trial court's custody award in this case absent an abuse of discretion. *Myers,* 768 P.2d at 984.

Husband asserts the trial court's findings on custody are not supported by the evidence. The trial court acknowledged the standards for determining custody as outlined in *Pusey v. Pusey,* 728 P.2d 117 (Utah 1986), and then supported its award of custody with these findings: (1) that Wife was the primary caretaker of the children; (2) that Wife had temporary custody and had been willing to spend time with the children in their school environment; (3) that there is a strong bonding between Wife and all four children, but there was an especially strong bond between Wife and the two youngest children; (4) that Wife had demonstrated her parenting skills which the court found adequate; (5) that the children were performing reasonably well in their environment; (6) that there was no showing that Wife's poor judgment in her moral conduct had any material detrimental effect on the children;

(7) that Husband worked long hours; (8) that Husband would be required to hire a sitter for the children during his work hours; (9) that Wife was not employed and could spend full time with the children; (10) that the children would benefit from the stability of the present environment rather than being thrust into an unknown environment with Husband; (11) that Wife had greater flexibility in providing daily personal care for the children; (12) that, even though the two older children expressed a desire to live with Husband, it was not in the best interests of the children to be placed there; and (13) that the children should not be split up.

Husband, in his brief on appeal, refers this court to evidence which conflicts with the trial court's findings, and supports his contention that he should have been awarded custody of the four children. However, Husband does not "marshal the evidence in support of the findings and then demonstrate that despite this evidence, the trial court's findings are so lacking in support as to be 'against the clear weight of the evidence,' thus making them 'clearly erroneous.'" *Bartell,* 776 P.2d at 886 (quoting *Walker,* 743 P.2d at 193). *See also Scharf v. BMG Corp.,* 700 P.2d 1068, 1070 (Utah 1985); *Harker v. Condominiums Forest Glen, Inc.,* 740 P.2d 1361, 1362 (Utah Ct. App.1987). Therefore, we decline to further consider Husband's attack on the court's findings as to custody.

## FAILURE TO TAKE JUDICIAL NOTICE

█ Husband next contends the trial court erred when it failed to take judicial notice at trial of the facts presented relevant to custody in the earlier hearing on temporary custody. Husband correctly asserts that courts are required to take judicial notice of adjudicative facts if a party requests it and supplies the court with the necessary information. Utah Rules of Evidence 201(d). Courts may take judicial notice of the records and prior proceedings in the same case. *See In re S.J.,* 576 P.2d 1280, 1283 (Utah 1978) (relying on Utah Code Ann. § 78-25-1(3), superseded by

Utah R.Evid. 201); *Mel Trimble Real Estate v. Monte Vista Ranch, Inc.,* 758 P.2d 451, 455-56 (Utah Ct.App.1988).

█ However, these general principles do not apply in this case as Husband's request was not timely. Husband did not request the trial court to take judicial notice of the evidentiary proceedings on temporary custody until after the trial court issued the Decree of Divorce when he filed his Motion for New Trial and/or Motion to Amend Findings and/or Motion to Alter or Amend Judgment. Even at this time, Husband did not evoke the benefit of rule 201(d), nor specifically refer to the doctrine of judicial notice. *See generally Mel Trimble Real Estate,* 758 P.2d at 456.

█ Furthermore, even if this court were to find Husband's motion was timely, a transcript of the prior proceeding was not provided the trial court as required by rule 201(d). Thus, we find the trial court did not abuse its discretion in failing to take judicial notice of the facts presented in the evidentiary hearing on temporary custody.

## FAILURE TO OBTAIN INVESTIGATIVE REPORT

Husband also claims the trial court committed error when it did not obtain an investigative report as required when there are allegations of child abuse. Utah Code Ann. § 30-3-5.2 (1988) provides:

When, in any divorce proceeding or upon a request for modification of a divorce decree, an allegation of child abuse or child sexual abuse is made, implicating either party, the court shall order that an investigation be conducted by the Division of Family Services within the Department of Social Services in accordance with Part 5, Chapter 4 of Title 62A. A final award of custody or visitation may not be rendered until a report on that investigation is received by the court. That investigation shall be conducted by the Division of Family Services within 30 days of the court's notice and request for an investigation.

Again, Husband's request was untimely as he did not request an investigation until after the court had decided the case. In any event, we are not persuaded any failure to conduct an investigation was prejudicial to Husband's position. At the time of the Riches' separation, Social Services had performed an investigation into the allegations of child abuse and had found the allegations groundless. We therefore find no error in the trial court's actions.

## VISITATION

The trial judge awarded Husband the following visitation:

> The Court finds that it is in the best interest of the minor children that the Defendant be allowed to visit with the children at all reasonable times and places upon properly demeaning himself, and that he further have the right to take the children for visitation purposes during the Christmas vacation, commencing at 3:00 p.m. on December 25, and continuing until 6:00 p.m. on December 28th of each year. Further that the Defendant be allowed to take the children for visitation purposes for two week [sic] during the month of June and two weeks during the month of August and that the Defendant shall select those periods of time each year and notify the Plaintiff of those periods by May 1st of each year, so long as his selected visitation periods do not interfere with the school schedule of the children. Additionally, Defendant will be allowed to take the children for visitation purposes every other weekend from 5:00 p.m. on Friday until 6:00 p.m. on Sunday and that the Defendant shall further have the right to visit with the children every Wednesday evening from 5:00 p.m. until 8:00 p.m. The Defendant shall also be allowed to take the children for visitation purposes from 9:00 a.m. until 8:00 p.m. on every other major holiday which shall consist of Easter, July 4, July 24, Labor Day and Thanksgiving. Said holiday visitation shall commence with the Defendant exercising the Thanksgiving Day 1988 vacation. Plaintiff shall be allowed to have the children on Mother's Day of each year and the Defendant shall be allowed to have the children on Father's Day from 9:00 a.m. until 8:00 p.m. each year.

It is difficult to ascertain from his brief the specific objection that Husband has to the visitation order other than the lack of separate detailed findings of fact to support the order. We assume that he believes the visitation awarded was too restrictive, particularly as to the older children.

A visitation order must be based on the child's best interests. Courts must give priority to the welfare of the children over the desires of either parent in determining visitation rights. *Kallas v. Kallas*, 614 P.2d 641, 645 (Utah 1980).

It is clear that specific findings of fact are required in a custody dispute. *Smith v. Smith*, 726 P.2d 423 (Utah 1986). In *Smith*, the Utah Supreme Court stated:

> The importance of complete, accurate and consistent findings of fact in a case tried by a judge is essential to the resolution of dispute under the proper rule of law. To that end the findings should be sufficiently detailed and include enough subsidiary facts to disclose the steps by which the ultimate conclusion on each factual issue was reached.

*Id.* at 426 (quoting *Rucker v. Dalton*, 598 P.2d 1336, 1338 (Utah 1979)). The court explained that the reason for requiring such findings is to ensure that the decision of the trial court is rationally based. *Id.* See also *Hutchison v. Hutchison*, 649 P.2d 38, 42 (Utah 1982).

Husband argues that under our holding in *Ebbert v. Ebbert*, 744 P.2d 1019 (Utah Ct.App.1987), a trial court must make detailed findings of fact to support the visitation order separate from, and in addition to, those made on the issue of custody in every case where a visitation order is entered. We disagree.

We believe that Husband reads *Ebbert* too broadly. In *Ebbert*, the trial judge had substantially reduced the requested visitation and entered a somewhat restrictive

order. The visitation order made no reference to the fact that the custodial mother had recently left the state and included no finding that, considering the recent out-of-state move, the visitation schedule was based on the best interests of the children. *Id.* at 1022–23. It was under these circumstances that this court found the lack of any explanatory findings on visitation to be an abuse of discretion.

■ The case before us is distinguishable. Here, the trial judge gave the Husband expansive visitation and there is no special circumstance such as one party leaving the jurisdiction which requires explanation. Most importantly, the trial judge entered detailed findings of fact to support his award of custody to the mother which can be read to support his conclusory finding on visitation that the visitation schedule he had devised was "in the best interests of the children." Based upon the foregoing, the visitation order is affirmed.

## ATTORNEY FEES

■ Finally, Wife claims that this is a frivolous appeal and requests costs and attorney fees. A frivolous appeal has been defined as one without reasonable legal or factual basis as defined in Rules of the Utah Court of Appeals 40(a). *Backstrom Family Ltd. Partnership v. Hall,* 751 P.2d 1157, 1160 (Utah Ct.App.1988); *O'Brien v. Rush,* 744 P.2d 306, 310 (Utah Ct.App. 1987). Sanctions for bringing a frivolous appeal "should only be applied in egregious cases, lest there be an improper chilling of the right to appeal erroneous lower court decisions." *Porco v. Porco,* 752 P.2d 365, 369 (Utah Ct.App.1988). The *Porco* court categorized egregious cases as those obviously without merit, with no reasonable likelihood of prevailing, and which result in delay in implementing a judgment. *Id.; see also Auburn Harpswell Ass'n v. Day,* 438 A.2d 234, 239 (Me.1981) (per curiam). Husband's appeal, while unsuccessful, was not frivolous on the issue of visitation and should not be subjected to Rules of the Utah Court of Appeals 33(a) sanctions.

Wife also suggests as an alternative basis for awarding her costs and fees incurred on appeal that she has no resources to meet her legal expenses. Utah Code Ann. § 30-3-3 (1989) provides that the court may order either party to pay attorney fees and this includes attorney fees incurred on appeal. *See, e.g., Carter v. Carter,* 584 P.2d 904, 906 (Utah 1978); *Maughan v. Maughan,* 770 P.2d 156, 162 (Utah Ct.App.1989).

■ In order to award attorney fees, the trial court must find the requesting party is in need of financial assistance and that the fees requested are reasonable. *See generally Newmeyer v. Newmeyer,* 745 P.2d 1276, 1279–80 (Utah 1987); *Andersen v. Andersen,* 757 P.2d 476, 480 (Utah Ct.App.1988).

■ The trial judge did not award Wife costs and attorney fees below. The judge found:

> Since each of the parties is receiving cash assets or assets that can be readily reduced to cash, the Court finds that each of the parties has the ability to pay his or her respective Court costs and attorney fees in this matter after the application of legal insurance.

Wife does not challenge the trial court's failure to award her attorney fees incurred at trial. However, Wife asserts that her financial situation has further deteriorated due to this appeal and that she has no liquid assets to meet her legal expenses incurred on appeal, and she is in need of financial assistance.

We do not have record evidence to substantiate Wife's claim that her circumstances have changed substantially since the trial court chose not to award her attorney fees below. However, Wife has articulated specific circumstances sufficient to persuade us that we should remand to the trial court for its determination of the narrow issue of whether Wife should be awarded her attorney fees on appeal under section 30-3-3 and, if so, the appropriate amount. *See generally Marks v. Marks,* 98 Utah 400, 100 P.2d 207, 211 (1940); *Maughan,* 770 P.2d at 162–63.

In summary, we affirm the rulings of the trial court. However, we remand on the

issue of whether Wife's circumstances have changed such that she should be awarded her attorney fees incurred on appeal and, if the trial court so concludes, for a determination of the amount to be awarded.

BENCH and GREENWOOD, JJ., concur.