**Deanna FOXLEY, Plaintiff and Appellee,**

v.

**William M. FOXLEY, Defendant and Appellant.**

**No. 890493-CA.**

Court of Appeals of Utah.

Oct. 12, 1990.

Rehearing Denied Dec. 3, 1990.

Greg S. Ericksen, Bountiful, for defendant and appellant.

Robert W. Hughes, Salt Lake City, for plaintiff and appellee.

Before GARFF, JACKSON and NEWEY,[1] JJ.

---

1. Robert L. Newey, Senior Juvenile Court Judge, sitting by special appointment pursuant to Utah Code Ann. § 78-3-24(10) (Supp.1990).

OPINION

ROBERT L. NEWEY, Judge:

Defendant William Foxley appeals from the modification of the decree divorcing him from plaintiff Deanna Foxley. We affirm.

The Foxleys were married in October, 1976, when Mr. Foxley was a graduate student and Ms. Foxley an undergraduate student. They separated in April 1982 and were divorced in August 1983, after Mr. Foxley had just graduated from medical school in June 1983. Mr. Foxley has since completed residency and developed a professional practice specializing in obstetrics and gynecology. In June 1984, Ms. Foxley received a bachelor's degree in sociology and has since continued her education.

During the marriage, three children were born to the Foxleys, and Mr. Foxley adopted a daughter from Ms. Foxley's prior marriage. This daughter has reached the age of majority since the decree was entered in 1983. The decree awarded Ms. Foxley monthly child support of $150 per child and alimony of $10 per month, based in part on Mr. Foxley's meager income during medical school.

The decree was not formally modified until July 1989, when the district court increased alimony to $1,350 per month and child support to $546 per month per child. Mr. Foxley has appealed from that modification.

*Substantial Change of Circumstances*

■ The alimony award of the initial decree appears to have been based on Mr. Foxley's background as a medical student and the prospect of an increase in his income following graduation from medical school:

> [Ms. Foxley] is awarded an interest in [Mr. Foxley's] medical degree, and is awarded the sum of $10.00 per month as alimony, and ... at such time as there

has been a material change in circumstances of the parties, the issues of child support and/or alimony may be reviewed.

Clearly, the change in Mr. Foxley's income from the negligible earnings of an unemployed student to his earnings in recent years well in excess of $100,000 per year is a substantial change of circumstances justifying a modification of the 1983 decree. *See Naylor v. Naylor,* 700 P.2d 707, 710 (Utah 1985); *Jense v. Jense,* 784 P.2d 1249, 1251–52 (Utah Ct.App.1989).

Mr. Foxley argues, however, that the premise for the trial court's modification was not the stated substantial change in circumstances, but rather in reality a revision of the original decree to include equitable restitution, which was not awarded in the original decree. Decisional law since the 1983 decree has held that a medical degree is not marital property, but instead has permitted equitable restitution to take into account a spouse's academic attainments in which the other spouse has assisted. *See Martinez v. Martinez,* 754 P.2d 69 (Utah Ct.App.1988), *cert. granted,* 765 P.2d 1277 (1988). However, the trial court in this case expressly declined to base this modification on the equitable restitution doctrine, and noted instead that a substantial change in circumstances supported the modification. From the court's comments at the modification hearing, equitable restitution was apparently considered, but the trial court did not rest its decision on equitable restitution. The trial court may appropriately make its award based on a substantial change of circumstances with supporting findings, instead of choosing to base its decision on equitable restitution.

*Amounts of Alimony and Child Support*

■ If the trial court's findings and conclusions[2] show that the court considered the material factors,[3] we accord considera-

---

2. Adequate findings and conclusions are required, *see Acton v. Deliran,* 737 P.2d 996 (Utah 1987); *Stevens v. Stevens,* 754 P.2d 952, 958 (Utah Ct.App.1988); *Jefferies v. Jefferies,* 752 P.2d 909 (Utah Ct.App.1988).

3. Regarding alimony, *see Jones v. Jones,* 700 P.2d 1072, 1075 (Utah 1985). Regarding child support, *see* Utah Code Ann. § 78–45–7(2) (1987); *see also Woodward v. Woodward,* 709 P.2d 393, 394 (Utah 1985).

ble discretion to the trial court in determining the amounts of alimony and child support.[4] In this case, the trial court found Mr. Foxley's income to be in the range between $120,000 and $224,000.[5] The court also found that Ms. Foxley and the children had experienced some serious hardships and had been on public assistance, even though Ms. Foxley had done "an admirable job" in performing her responsibilities. In light of these findings, the increases in alimony and child support are far from abuses of the trial court's discretion.

### Post–Trial Motions

With little authority or analysis, Mr. Foxley argues that the trial court erred in denying his motions for a directed verdict and for a judgment notwithstanding the verdict. Those motions clearly have no place in this case. A verdict is the decision of a jury,[6] and in this case, there was no jury.

■ Mr. Foxley also moved for a new trial, pointing to evidence unearthed after trial concerning Ms. Foxley's assets. Ms. Foxley is said to have expended $4,500 toward the purchase of an airplane, as well as $19,000 for improvements on her home. She explains the airplane purchase as an investment of her modest savings from assets awarded to her at the end of her prior marriage. The enterprise in which she invested has proven worthless, and recovery of her funds through litigation is now contingent at best. Meanwhile, the extreme economic disparity between these parties remains.

Mr. Foxley argues that Ms. Foxley's expenditure of $19,000 to repair her home

belies her claim that she lacked assets to do so. Even if we assume that the fact of this alleged expenditure could not, with diligence, have been discovered in time for trial, it is not grounds for retrying the case. The $19,000 figure reported by Ms. Foxley to her mortgagee included a substantial amount representing value of labor she performed, and it remains entirely plausible that she may, despite her efforts, lack the money necessary to pay for needed materials and completed repairs exceeding her abilities. Moreover, the $19,000 of home repairs does not necessarily indicate that she and the children have additional assets or no additional needs, a circumstance which seems improbable, considering the low level of support Mr. Foxley has provided over the years.

For newly discovered evidence to warrant a new trial, the evidence must have a probative weight sufficient to have a probable effect on the result. *Gregerson v. Jensen,* 617 P.2d 369, 372 (Utah 1980); *see also Doty v. Town of Cedar Hills,* 656 P.2d 993, 995 (Utah 1982). The evidence Mr. Foxley proffers does not have that degree of probative value, and the trial court thus did not abuse its discretion[7] in denying his motion for a new trial.

### Attorney Fees and Costs

■ Mr. Foxley does not challenge Ms. Foxley's need for or entitlement to an award of attorney fees and costs, but rather, he questions the evidentiary basis establishing the reasonableness of the amount awarded. Ms. Foxley proffered evidence of the amount of her attorney fees over Mr. Foxley's objection, and she later filed an unsworn statement concerning them.

We note that the requirement of marshalling the evidence is especially appropriate in this case, since Mr. Foxley complains about the lack of evidence under his control and concerning a fact that he is in the best position to know.

---

4. *Paffel v. Paffel,* 732 P.2d 96, 100 (Utah 1986) (alimony); *Proctor v. Proctor,* 773 P.2d 1389 (Utah App.1989) (child support).

5. Mr. Foxley asserts that the evidence is inadequate to support the finding on the amount of his income. However, in thus attacking the finding, Mr. Foxley has the burden to marshall all of the evidence in support of the finding and then demonstrate from it that the finding is clearly erroneous. *Doelle v. Bradley,* 784 P.2d 1176 (Utah 1989); *Riche v. Riche,* 784 P.2d 465 (Utah App.1989). He has failed to do so, and the finding therefore stands.

6. *Black's Law Dictionary* 1398 (5th ed. 1979).

7. *See Anderson v. Toone,* 671 P.2d 170, 173 (Utah 1983) ("trial court has wide discretion to grant or deny a motion for a new trial"); *Chournos v. D'Agnillo,* 642 P.2d 710, 713 (Utah 1982).

There is, however, no admissible evidence in the record to substantiate the reasonableness of amount awarded. Since Mr. Foxley objected to the lack of evidence, and thereby placed in issue the basis for determining fact of reasonableness, an evidentiary basis for the amount awarded needs to be established.[8] We therefore reverse the award of attorney fees and costs and remand for a determination of their amount.

The modification of the parties' divorce decree is affirmed in all other respects.[9]

GARFF and JACKSON, JJ., concur.

---

8. *Haumont v. Haumont,* 793 P.2d 421, 425 (Utah Ct.App.1990); *Porco v. Porco,* 752 P.2d 365, 368 (Utah Ct.App.1988).

9. There is no merit to the claim that the trial judge should have been disqualified for bias. *See State v. Gardner,* 789 P.2d 273, 278 (Utah 1989) (recusal required only where substantial rights of the party are shown to be affected); *see also Onyeabor v. Pro Roofing, Inc.,* 787 P.2d 525, 527 (Utah Ct.App.1990) (timely objection required to raise question of judicial bias); *see generally Madsen v. Prudential Fed. Sav. & Loan,* 767 P.2d 538 (Utah 1988).