Jeanette Crawford OSGUTHORPE,
Plaintiff and Appellee,

v.

Jerry Silver OSGUTHORPE, Defendant
and Appellant.

No. 920395–CA.

Court of Appeals of Utah.

April 7, 1994.

Craig S. Cook (argued), Salt Lake City, for appellant.

Sharon A. Donovan (argued), Kent M. Kasting, Shannon W. Clark, Dart, Adamson & Donovan, Salt Lake City, for appellee.

Before BENCH, BILLINGS and DAVIS, JJ.

DAVIS, Judge:

Appellant Jerry Silver Osguthorpe (Husband) appeals the trial court's vacation of a stay of imposition of its sanction for contempt. Husband also appeals an order awarding appellee Jeanette Crawford Osguthorpe (Wife) attorney fees incurred in proceedings before the Utah Supreme Court and at the Federal District Court of Utah. Wife seeks attorney fees on appeal. We dismiss the appeal and award wife attorney fees.

The parties were married and had four children. In 1977, Husband earned his veterinarian degree and has since worked in his father's veterinary clinic. The parties later divorced and Wife was awarded custody of the children. The court ordered Husband to pay $150 per month per child as child support. Husband appealed portions of the court's order, including the child support order. We affirmed the trial court's ruling in all respects. See Osguthorpe v. Osguthorpe, 804 P.2d 530 (Utah App.1990) (per curiam). We affirmed the trial court's finding that Husband "was not being candid as to his

actual current income or was purposefully underemployed," *id.* at 534, and that Husband "was either understating his actual income or had chosen employment which paid less than he could otherwise earn." *Id.* at 535. Husband has not sought to modify the child support order.

In September 1991, Wife moved the court to hold Husband in contempt for nonpayment of child support. After hearing the matter, the Domestic Relations Commissioner recommended Husband be held in contempt because of his nonpayment of child support. Husband objected to the recommendation. An evidentiary hearing on Husband's objection was held January 7, 1992. Both sides were present, testified, called witnesses and introduced documentary evidence. The court made findings of fact, conclusions of law and an order, which documents were entered January 24, 1992. This order concluded that Husband was in contempt and should serve up to thirty days in the Salt Lake County Jail. The court stayed imposition of the sanction on condition that Husband, by January 13, 1992, pay $5000 toward the child support arrearages already reduced to judgment and that he timely pay $900 per month to Wife ($600 ongoing child support and $300 toward child support arrearages). Husband did not appeal this order.

Husband timely paid the $5000 on January 13, 1992. However, he failed to pay ongoing child support and to pay toward the arrearages.

On April 30, 1992, Wife moved for immediate imposition of the contempt sanction. Both parties attended the May 18, 1992 hearing on the motion, and documentary evidence was presented. The court entered its order June 19, 1992. The court ordered Husband to be incarcerated in the Salt Lake County Jail for up to thirty days and such longer time as the court deemed fit, conditional upon Husband's failure to purge the contempt by paying the sum of $3050 by June 24, 1992. This time, Husband did not make the payment. On June 24, 1992, Husband appealed the June 19, 1992 order and moved this court to stay imposition of the sanction. This court granted a temporary stay pending a hearing on the merits of the motion to stay.

After this court heard the motion on its merits, we denied the same.

Thereafter, Husband sought a writ of mandamus from the Utah Supreme Court to require the trial court to stay imposition of the sanction pending the appeal. Husband also petitioned for a writ of habeas corpus in federal district court against the Salt Lake County Sheriff, also in connection with the contempt sanction. Both petitions were denied. On December 3, 1992, the trial court entered an order awarding Wife attorney fees incurred in both these actions. Husband appeals.

## IMPOSITION OF SANCTION

██ Husband appeals the June 19, 1992 order vacating the stay of imposition of his sanction for contempt. Husband also raises several claims of error relating to the underlying January 24, 1992 contempt order even though he failed to appeal that order.

Husband has since served the time in jail as sanction for the contempt order, thereby rendering this portion of his appeal moot. Nonetheless, he claims the mooted controversy merits our consideration because it is of wide concern, affects the public interest, is likely to recur, and yet evades review. *See Burkett v. Schwendiman,* 773 P.2d 42, 44 (Utah 1989); *In Re J.P.,* 648 P.2d 1364, 1371 (Utah 1982). We disagree.

 A case is moot when the requested relief cannot affect the rights of the litigants. *Saunders v. Sharp,* 818 P.2d 574, 577 (Utah App.1991) (citations omitted). Generally, we do not consider mooted questions on appeal. *See, e.g., Reynolds v. Reynolds,* 788 P.2d 1044, 1045 (Utah App.1990). Whether to consider a mooted controversy is a matter of judicial policy and not law. *Id.*

Here, we do not have jurisdiction over the underlying orders of child support and contempt. We have before us only the June 19, 1992 order refusing to further stay imposition of the sanction for contempt. Because this order is not within any of the well-recognized exceptions to our general policy on mootness, we decline to consider it. We therefore dismiss this claim as moot. *See id.* at 1046.

## ATTORNEY FEES AT TRIAL

Husband next claims the court erred in its December 3, 1992 order awarding Wife attorney fees incurred as a result of Husband's unsuccessful habeas corpus action in the federal district court and his writ of mandamus action in the Utah Supreme Court.

Husband filed his notice of appeal to this court regarding the trial court's June 19, 1992 order lifting its prior stay of imposition of the sanction. Husband filed no notice of appeal of the December 3, 1992 order awarding attorney fees. Thus, this court has no jurisdiction over the order. We therefore dismiss that portion of Husband's appeal. We decline to reach other issues raised by Husband because we find them to be without merit. *See State v. Carter*, 776 P.2d 886, 896 (Utah 1989).

## ATTORNEY FEES ON APPEAL

Wife seeks attorney fees on appeal pursuant to Utah Code Ann. § 30-3-3 (Supp. 1993). "Generally, when the trial court awards fees in a domestic action to the party who then substantially prevails on appeal, fees will also be awarded to that party on appeal." *Lyngle v. Lyngle*, 831 P.2d 1027, 1031 (Utah App.1992). Given that the trial court awarded Wife attorney fees at trial in the original divorce action, in the contempt action, and in the enforcement action, and given that Wife has substantially prevailed on appeal, we award her attorney fees on appeal. We therefore remand this matter to the trial court to determine the reasonable amount of attorney fees and costs incurred by Wife in connection with this appeal.

BENCH and BILLINGS, JJ., concur.