**STATE of Utah, Plaintiff and Appellee,**

v.

**Joseph J. HUDECEK, Defendant and Appellant.**

**Donald Ralph McDOUGALL, Petitioner,**

v.

**The Honorable Judith H. ATHERTON, Respondent.**

Nos. 971463–CA, 981186–CA.

Court of Appeals of Utah.

Sept. 17, 1998.

Willard R. Bishop, Cedar City, for Defendant and Appellant.

Scott M. Burns, Cedar City, for Plaintiff and Appellee.

Benjamin A. Hamilton, Salt Lake City, for Petitioner.

Brent Johnson, Salt Lake City, for Respondent.

Before DAVIS, P.J., and BILLINGS and JACKSON, JJ.

## OPINION

JACKSON, Judge:

Joseph J. Hudecek challenges the Fifth District Court's order ruling that it did not have jurisdiction to hear his appeal of the Parowan Precinct Justice Court's order revoking his probation and committing him to jail to serve his sentence. Donald R. McDougall petitions this court under Utah Rule of Civil Procedure 65B to order the Third District Court, which had refused his appeal, to hear his appeal of the West Jordan Justice Court's order revoking his probation and reinstating his sentence. In Hudecek's case, we reverse the district court and remand for a de novo hearing on the probation violation allegations. In McDougall's case, we order the district court to conduct a de novo hearing on the probation violation allegations.

## BACKGROUND

Hudecek and McDougall were each convicted of crimes in justice court. Each defendant was sentenced—with the sentences being either stayed or suspended—and placed on probation. Later, each defendant had his probation revoked and sentence reinstated by the justice court. Each then appealed to the district court, requesting a trial de novo as allowed by statute. *See* Utah Code Ann. § 78-3-4(5) (Supp.1998) ("The district court has appellate jurisdiction to adjudicate trials de novo of the judgments of the justice court ...."); *id.* § 78-5-120 ("Any person not satisfied with a judgment rendered in a justice court, whether rendered by default or after trial, is entitled to a trial de novo in the district court of the county as provided by law."). In each case, the district court refused to hear the appeal because the statutes give the district court appellate jurisdiction over justice court "judgments," and do not specifically mention orders or determinations regarding probation violations. Hudecek appeals the district court's decision in his case, while McDougall petitions for extraordinary relief from the district court's decision in his case.

## ANALYSIS

■ These two cases present a single issue: Does the district court have jurisdiction to hear appeals from the justice court regarding orders revoking probation and reimposing a sentence? Because "the district court [has] appellate jurisdiction as provided by statute," Utah Const. art. VIII, this is an issue of statutory construction and, thus, poses a question of law reviewable under a correctness standard. *See State v. Gallegos,* 849 P.2d 586, 589 (Utah Ct.App.1993).

As quoted above, the statute setting forth the district court's jurisdiction over appeals states, "The district court has appellate jurisdiction to adjudicate trials de novo of the *judgments* of the justice court...." Utah Code Ann. § 78–3–4 (Supp.1998) (emphasis added); *see also id.* § 78–5–120 (Supp.1998) ("Any person not satisfied with a *judgment* rendered in a justice court, whether rendered by default or after trial, is entitled to a trial de novo in the district court of the county as provided by law." (Emphasis added.)). The State in Hudecek's case and Judge Atherton in McDougall's case characterize the "judgment" in each of these cases as the conviction and sentencing of each defendant. They therefore argue that the later orders revoking probation and reimposing a sentence are post-judgment orders over which district courts have no jurisdiction. They posit that each defendant's constitutional right to appeal their cases is satisfied by their right to bring petitions for extraordinary relief under Utah Rule of Civil Procedure 65B.

■ Probation revocation proceedings are civil in nature and involve an evidentiary hearing. *See State v. Hodges,* 798 P.2d 270, 278 (Utah Ct.App.1990) (" '[T]he proceeding for revocation of probation is not a criminal prosecution.' ... [T]he standard to be used in proving a violation of a condition of probation is a preponderance of the evidence."); *cf. Petersen v. Utah Bd. of Pardons,* 907 P.2d 1148, 1154 (Utah 1995) ("A parole revocation proceeding is a civil proceeding...."). Such proceedings are "entirely independent of any related criminal proceeding." *Peterson,* 907 P.2d at 1154.

Regarding civil matters, we have found judgment defined as "a decree and any order from which an appeal lies," Utah R. Civ. P. 54(a); "the final consideration and determination of a court on matters submitted to it in an action or proceeding," *Crofts v. Crofts,* 21 Utah 2d 332, 335, 445 P.2d 701, 702 (Utah 1968); and " '[t]he official and authentic decision of a court of justice upon the respective rights and claims of the parties to an action or suit therein litigated and submitted to its determination,' " *John Deere Co. v. A & H Equip., Inc.,* 876 P.2d 880, 884 n. 6 (Utah Ct.App.1994) (quoting *Black's Law Dictionary* 841 (6th ed.1990)).

■ Under these broad definitions of judgment, we conclude that the orders in these two cases are judgments of the justice court and, therefore, may be appealed to the district court. Rule 54(a) explicitly includes "any order from which an appeal lies" in its definition. In these cases, we indeed have orders with a right of appeal. For instance, in a different context, the court of appeals routinely reviews district court orders revoking probation and reinstating sentences. *See, e.g., Hodges,* 798 P.2d at 271–79. Likewise, the justice court's orders in these cases represent its "final consideration and determination" regarding the matters presented in a proceeding—i.e., a proceeding to decide whether the defendants violated their probation and, if so, what the consequence should be. The orders are the "official" decisions of the justice courts, after hearing evidence, regarding the defendants' rights to continue or lose their probationary status.

Accordingly, we reverse the district court's decision that it had no jurisdiction to hear Hudecek's appeal of the justice court's order revoking his probation and reinstating his sentence, and we remand to the district court for a de novo hearing on the probation violation allegations. Further, we order the district court to conduct a de novo hearing regarding McDougall's appeal of the justice court's order revoking his probation and reinstating his sentence.

DAVIS, P.J., and BILLINGS, J., concur.